**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>        Defendants. | Case No.: 1:21-cv-2509<br><br>Judge Edmond E. Chang<br><br>**Defendants Demand Trial by Jury** |

## <u>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM</u>

Defendants, The Federal Savings Banks ("TFSB") and National Bancorp Holdings, Inc., ("NBH"), by and through their undersigned attorneys, hereby submit this Answer, Affirmative Defenses and Counterclaim to the Complaint filed by Plaintiff, Michael Anthony, and aver as follows:

## CLASS ACTION COMPLAINT

1.     Plaintiff MICHAEL ANTHONY ("Plaintiff") brings this Class Action Complaint against Defendants THE FEDERAL SAVINGS BANK ("FSB") and NATIONAL BANCORP HOLDINGS, INC. ("NBH") (collectively, "Defendants") to enjoin their unlawful practice of making telemarketing phone calls to residential phone numbers registered on the National Do Not Call Registry without their permission, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**ANSWER:**     Defendants deny the averments of this paragraph as legal conclusions, except that Defendants admit that Plaintiff brings this action seeking legal and equitable remedies pursuant to the Telephone Consumer Protection Act.

## NATURE OF THE ACTION

2.      FSB is a Federal Savings Association that provides traditional banking services and also sells residential mortgages. NBH wholly owns FSB. As a part of their marketing of residential mortgages, Defendants repeatedly called consumers' telephones nationwide who had registered their phone numbers on the National Do Not Call Registry, including to Plaintiff and the Class.

**ANSWER:**    Defendants deny the allegations of this Paragraph, except that Defendants admit that The Federal Savings Bank is a Federal Savings Association and is wholly owned by National Bancorp Holdings, Inc.

3.      Defendants did not obtain written express consent prior to placing calls to people on the National Do Not Call Registry and, therefore, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2)(ii).

**ANSWER:**    The averments of this paragraph contain legal conclusions which are denied.  It is further denied that Defendants placed calls to "people on the National Do Not Call Registry."

4.      Congress enacted the TCPA in 1991 to restrict telemarketing that could target millions of consumers en masse.

**ANSWER:**    Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.  To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

5.      Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

**ANSWER:**    Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.  To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

6.      The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants spamming consumers who have specifically followed the procedure authorized by statute and established by the FCC to put their phone numbers on the list of people who have formally requested to stop receiving telemarketing phone calls.

2

**ANSWER:** This Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied. By way of further response, it is specifically denied that any telephone call alleged in this Complaint was in violation of the TCPA.

7.      Section 227(c) directs the Federal Communications Commission to formulate regulations to protect telephone subscribers' privacy rights and authorizes the establishment of a national database to compile the numbers of telephone subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(2)–(3).

**ANSWER:** This Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

8.      The regulations promulgated under § 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c).

**ANSWER:** This Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

9.      In addition, persons or entities initiating telephone solicitations must have "instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." Id. § 64.1200(d).

**ANSWER:** This Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

10.      Section 227(c)(5) establishes a private right of action for a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of these regulations.

**ANSWER:** This Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

11.      By placing the calls at issue in this case, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

**ANSWER:** It is specifically denied that Defendants placed the alleged calls at issue and that Defendants have violated any rights of Plaintiff and/or the putative class.

12.     Plaintiff therefore seeks an injunction under § 227(c)(5) requiring Defendants to stop their unconsented calling, as well as an award of actual and statutory damages to Plaintiff and the Class members, together with costs and reasonable attorneys' fees.

**ANSWER:**     Defendants deny that Plaintiff is entitled to injunctive relief, an award of damages, and costs and reasonable attorney's fees.

**PARTIES**

13.     Plaintiff is a natural person and is a citizen of Pennsylvania.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

14.     FSB is a Federally Chartered Savings Association with  its principal place of business located at 300 North Elizabeth Street, Floor 3E, Chicago, Illinois 60607.

**ANSWER:**     Admitted.

15.     NBH is a Delaware corporation with its principal place of business located at 300 North Elizabeth Street, Floor 3E, Chicago, Illinois 60607.

**ANSWER:**     Admitted.

16.     FSB is wholly owned by NBH.

**ANSWER:**     Admitted.

17.     Among other lines of business, Defendants sell residential loans and mortgages.

**ANSWER:**     Admitted in part.  TFSB sells residential mortgages.  NBH is a holding company that does not sell residential loans or mortgages.

**JURISDICTION AND VENUE**

18.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response

4

is required. To the extent that a response is required, Defendants do not challenge that this Court has jurisdiction over Plaintiff's individual claims.

19.     This Court has personal jurisdiction over Defendants because Defendants' principal place of business is located in this District.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendants do not challenge that this Court has jurisdiction over Plaintiff's individual claims.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendants do not challenge that this Court has jurisdiction over Plaintiff's individual claims. Defendants deny that venue is proper as to any class-wide claims.

## COMMON FACTUAL ALLEGATIONS

21.     Defendants sell residential mortgages.

**ANSWER:**     It is admitted only that TFSB sells residential mortgages. The balance of the averments in this paragraph are denied.

22.     Upon information and belief, to increase sales and avoid paying for legitimate forms of advertising, Defendants amassed a list of individuals who they determined might be potential customers for mortgage refinancing.

**ANSWER:**     Denied.

23.     Upon information and belief, Defendants obtained this list of homeowners from sources other than Plaintiff and the Class members and without the knowledge, permission, or prior express consent of Plaintiff and the Class members.

**ANSWER:**     Denied.

24.     Defendants failed to check whether the people they were calling had registered on the National Do Not Call Registry.

**ANSWER:**     Denied.

25.     Upon information and belief, Defendants called thousands of residential phone numbers on their list, including to Plaintiff's and Class members' telephones, despite those people having been registered on the National Do Not Call Registry.

**ANSWER:**     Denied.

26.     Defendants called them and solicited them for residential mortgages despite the notice they gave by registering their phone number pursuant to the TCPA that they did not want to be called. Defendants not only ignored their federal registration but completely failed to obtain any permission whatsoever prior to calling.

**ANSWER:**     Denied.

## FACTS SPECIFIC TO PLAINTIFF

27.     Plaintiff closely guards his privacy and has had his phone number registered on the National Do Not Call Registry for the past 17 years.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

28.     Plaintiff rarely gives out his phone number and maintains strict control over to whom he releases it.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

29.     Plaintiff registered his residential phone number ending in x555 on the National Do Not Call Registry on May 20, 2004.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

30.     Despite his efforts, however, for approximately the last two years, Plaintiff has been receiving numerous unsolicited calls to his phone asking for someone named "Needle Dee."

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

31.     Plaintiff was particularly bothered by this because he never went by the name

"Needle Dee" or anything closely resembling that name. Therefore, Plaintiff has been trying to find out how his phone number was identified with that name and get his phone number disassociated with "Needle Dee."

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

32. In April, 2021, Plaintiff received three unsolicited calls from Defendants purporting to be seeking to talk to "Needle Dee."

**ANSWER:** Denied.

33. On April 6, 2021 at 5:22 p.m., Plaintiff received a call on his phone number ending in x555 from a number identified by Plaintiff's caller ID as 833-362-4786.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

34. On April 14, 2021, at 2:30 p.m., interrupting Plaintiff while he was trying to talk to an auto repair shop about his car, Plaintiff received another phone call on his phone number ending in x555 from the same caller ID, 833-362-4786.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

35. When Plaintiff answered the call, a voice asked for "Needle Dee."

**ANSWER:** Admitted. Upon investigation, Defendants TFSB has received an audio file of a phone call made by a non-party vendor of a phone call made to a person who identified himself as "Needle Dee," and is presumed to have been the Plaintiff.

36. Having no other way to identify the source of the unsolicited and recurring calls for "Needle Dee," Plaintiff feigned interest in order to identify the caller and enforce his rights under the TCPA, which rights had already accrued by the time the phone call was placed.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations.

37. Plaintiff was connected with a person representing his first name as "Moe," a mortgage broker with FSB.

**ANSWER:** Admitted.

38.     Moe solicited Plaintiff on the phone for Defendants' residential mortgage products.

**ANSWER:**     Admitted in part, denied in part.  It is admitted that a loan originator with this name spoke with a caller who had identified himself as "Needle Dee," after this call was transferred to TFSB.  It is denied that TFSB called "Needle Dee."

39.     At 4:35 p.m., while he was still on the phone with Moe, Plaintiff received an email from Moe with a last initial A., who had an email address @thefederalsavingsbank.com.

**ANSWER:**     Denied.

40.     Immediately after determining the identity of the company responsible for the call, Plaintiff called Moe back to inform FSB to cease calling his phone number ending in x555. However, Plaintiff received Moe's voicemail.

**ANSWER:**     Admitted.

41.     Moe called Plaintiff back, at which time Plaintiff explained that his phone number was registered on the Do Not Call Registry, that he was not Needle Dee, and that despite this, he had received numerous unwanted calls to this phone number from or on behalf of FSB seeking to speak to Needle Dee.

**ANSWER:**     Admitted.

42.     Plaintiff asked Moe how his phone number was obtained. Moe explained that his company, FSB, hired numerous third-party companies, one of them called "FDE," to generate calls and transfer them to Defendants. Moe stated that FSB pays these companies per lead transferred.

**ANSWER:**     Admitted.  Upon information and belief, Plaintiff expressly consented to being contacted by FDE, provided his contact information and information about his home and mortgage to FDE via a website, and consented to having this information shared with other entities regarding mortgage related offers.

43.     Plaintiff also spoke to Moe's manager at FSB, Matt O., and another executive, Maggie D., and also told them that he should never have been called and that he was seeking to be removed from all of their lists and not be contacted again.

**ANSWER:**     Admitted in part. It is admitted only that Plaintiff spoke to a manager and

executive at TFSB. The balance of the averments in this paragraph are denied.

44.     Notwithstanding the foregoing, on April 15, 2021, Plaintiff received four more calls on his phone number ending in x555 from the same number identified by Plaintiff's caller ID as 833-362-4786.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this Paragraph, and therefore deny the allegations.

45.     In total, Plaintiff received at least six unsolicited calls from Defendants.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this Paragraph, and therefore deny the allegations.

46.     Plaintiff never consented to receive calls from Defendants. Plaintiff had no prior relationship with Defendants.

**ANSWER:**     Denied.  Upon information and belief, plaintiff expressly consented to being

contacted by FDE, provided his contact information and information about his home and

mortgage to FDE via a website, and consented to having this information shared with other

entities regarding mortgage related offers.

47.     Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages. Additionally, the unlawful calls caused annoyance, intrusion on Plaintiff's privacy and seclusion, and wasted Plaintiff's time.

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.

## CLASS ALLEGATIONS

48.     Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a Class defined as follows:

All persons within the United States registered on the National Do Not Call Registry for at least 30 days, who had not granted Defendants prior express written consent nor had a prior established business relationship with Defendants, who received more than one call that promoted Defendants' products or services, within any twelve-month period, within four years of filing of this lawsuit.

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.  To

the extent that a response is required, Defendants deny that any class is certifiable because it

lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

49.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.

50.     Numerosity: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. Based on the representation that Defendants have hired numerous companies to simultaneously generate leads for Defendants' financial services products on behalf of Defendants, it is believed that Defendants placed telephone calls to thousands of consumers. Furthermore, FSB boasts funding $6 billion worth of home loans in 2019 alone.[1] Members of the Class can be identified through Defendants' records.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

51.     Typicality: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class

---

[1] https://www.thefederalsavingsbank.com/ (last visited May 5, 2021).

members, commonality of questions of law and fact, and typicality of claims, among other requirements.

52.     Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response

is required.   To the extent that a response is required, Defendants deny that any class is

certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class

members, commonality of questions of law and fact, and typicality of claims, among other

requirements.

53.     Policies Generally Applicable to the Class: The Class is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge to those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response

is required.   To the extent that a response is required, Defendants deny that any class is

certifiable because it lacks the requirement of Fed. R. Civ. P. 23.

54.     Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.  Whether Defendants violated the TCPA;

b.  Whether the calls were made by or on behalf of Defendants;

     c.   Whether the calls promoted or advertised Defendants' products and services;

     d.   Whether Defendants obtained prior express written consent to make the calls;

     e.   Whether members of the Class are entitled to damages based on Defendants' violations of the TCPA, and whether they are entitled to enhanced damages under the TCPA for Defendants' knowing and/or willful violation of the TCPA.

**ANSWER:**    Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

     55.   Superiority: The Class is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**ANSWER:**    Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

Case: 1:21-cv-02509 Document #: 15 Filed: 07/02/21 Page 13 of 20 PageID #:47

**CAUSE OF ACTION Violation of 47 U.S.C. § 227(c)**
**(on behalf of the Class against all Defendants)**

56.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**     The responses to the foregoing paragraphs are incorporated herein by reference.

57.     Plaintiff registered his phone number ending in x555 on the National Do Not Call Registry on May 20, 2004, and it has remained listed on the National Do Not Call Registry at all times since.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this Paragraph, and therefore deny the allegations.

58.     Defendants and/or their agents acting with Defendants' knowledge and on their behalf, placed telephone calls to Plaintiff and the Class members' Do Not Call-registered telephone numbers without having their prior express written consent to do so.

**ANSWER:**     Denied.

59.     The foregoing acts and omissions of Defendants and/or their agents constitute violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.

60.     Defendants' calls were made for a commercial purpose and encouraged the purchase or rental of, or investment in, property, goods, or services.

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.

Further, as explained above, a non-party vendor disclosed to Plaintiff as FDE contacted Plaintiff

using the information provided at the time that Plaintiff gave express consent to be contacted in

connection with mortgage related offers.

61.     Plaintiff and the Class members are entitled to an award of at least $500 in statutory damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.

62.     Defendants made the TCPA-violating calls willfully and knowingly. Therefore, Plaintiff and the Class members are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5)(C).

**ANSWER:**     The averments of this paragraph contain legal conclusions which are denied.

63.     Plaintiff and the Class members also seek a permanent injunction prohibiting Defendants and their agents from making telemarketing solicitations to residential telephone numbers listed on the National Do Not Call Registry, and an injunction requiring Defendants to stop their unlawful calling campaign.

**ANSWER:**     It is admitted only that Plaintiff seeks the relief described the merit of this is denied.

## AFFIRMATIVE DEFENSES

Defendants, for their affirmative defenses, allege and state as follows:

1.     Plaintiff's claims are barred, in whole or in part, because Plaintiff gave consent, both express and implied, to be called.

2.     Plaintiff's claims fail to state a claim for which relief may be granted.

3.     Plaintiff has no justiciable injury, having manufactured the claims asserted.

4.     Plaintiff has unclean hands and is therefore barred from recovery.

5.     Defendants cannot be liable to Plaintiff because Defendants did not make or initiate any calls under the TCPA to Plaintiff.

6.     The TCPA is unconstitutional under federal and state law.

7.     Plaintiff is the cause of all the complained-of calls is therefore barred from recovery.

8.     Plaintiff's conduct puts him outside the zone of interest for which the TCPA was enacted, and he is therefore barred from recovery.

9.     Plaintiff and the members of the proposed class lack standing to sue under the TCPA because they have not suffered any injury in fact as a result of the challenged conduct.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and

estoppel.

11.     Defendants are not liable to Plaintiff because the actions complained of were performed by another party or parties.

12.     The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any members of the putative class acquiesced to any conduct engaged by TFSB.

13.     To the extent the claims of any members of the putative class arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a).

14.     All conduct and activities of Defendants alleged in the Complaint complied with and conformed to all applicable laws, statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the Compliant.  By way of further explanation, Defendants reasonably and in good faith believe that the Plaintiff was contacted by a third-party pursuant to and in compliance with the TCPA as Plaintiff.  To the extent that Defendants are mistaken as to the manner in which Plaintiff's contact information was collected, and/or consent given, other third parties should be found liable for Plaintiff's damages, to the extent any exist, and not Defendants.

15.     The Complaint fails to state facts that would entitle Plaintiff and members of the proposed class to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm.

16.     To the extent Plaintiff and/or any member of the putative class suffered any damages, which Defendants expressly deny, Plaintiff and/or any member of the putative class failed to mitigate their damages.

17. The Complaint fails to state facts that would permit recovery of attorney's fees.

18. Defendants reserve the right to add any and all additional affirmative defenses as they become known through discovery or investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered the Complaint, Defendants pray for judgment as follows:

A. That the Court deny Plaintiff's request to certify the proposed class under Rule 23;

B. That the Plaintiff take nothing by virtue of the Complaint;

C. That the Complaint be dismissed with prejudice and judgment be entered in favor of Defendants;

D. That the Court award Defendants attorney's fees and costs, as allowed by law; and

E. That the Court award Defendants such other and further relief as it deems just and proper.

## COUNTERCLAIM

Counterclaimant, The Federal Savings Bank ("TFSB"), hereby asserts the following counterclaim against Plaintiff, Michael Anthony, and avers as follows:

1. To the extent this Court has subject matter jurisdiction over this Action, the Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §1367(a) as they arise from the same Case or Controversy.

2. Upon information and belief, Plaintiff is a serial filer of TCPA lawsuits.

3. Upon information and belief, Plaintiff visited the website www.lowermyowninterestrate.com on January 10, 2021.

4.      This website contains a section for visitors seeking to refinance home loans, into which information was entered, among other things, Plaintiff's phone number, an email address, the name "Needle Dee," the address of a home in Lansdale, Pennsylvania, and information about the mortgage on that home.

5.      The page of this website in to which the information was provided contains clear and unambiguous language explaining that by clicking on the button to "submit" information, the user is providing express written consent to, among other things, being called even if the user's telephone number is currently listed on any state or federal Do-Not Call list.

6.      As a result of submitting this information and providing express written consent to be called, FDE called the number provided and asked to speak to the "Needle Dee."

7.      As subsequently explained to Plaintiff by TFSB, FDE is a vendor that provides leads to TFSB.

8.      When called by FDE, Plaintiff identified himself as "Needle Dee" and confirmed substantially all of the information submitted on the website, including the address of the house, and other information regarding the mortgage on the house.

9.      The call was then transferred to a loan originator at TFSB because Plaintiff had consented to be called, confirmed that he was the person who had given consent and expressed interest in obtaining more information about potentially refinancing the loan described.

10.     Upon information, Plaintiff provided this information using a false name with the sole intent of manufacturing a TCPA lawsuit.

## COMMON LAW FRAUD

11.     TFSB incorporates the previous paragraphs, herein.

12.     Plaintiff made material, false representations about his name and his interest in

being contacted about refinancing a mortgage.

13.     Plaintiff expressed written consent to be called regarding the refinance of his mortgage with the intent to manufacture a lawsuit.

14.      Plaintiff knew these representations were false and intended for these representations to be relied upon.

15.     These representations were, in fact, relief upon by FDE, a vendor engaged to provide leads to TFSB, who transferred the call to TFSB in reliance on Plaintiff's fraudulent misrepresentations.

16.     As a foreseeable target of this fraud and the defendant in the resulting TCPA lawsuit, TFSB has been harmed.

**WHEREFORE**, TFSB requests entry of judgment against Plaintiff for common law fraud and award TFSB actual and punitive damages, costs, fees and such other relief, at law and equity, as this Court may find just.

### JURY DEMAND

Counterclaimant, The Federal Savings Bank requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC., DEFENDANTS**

By: ___/s/ Steven M. Hartmann_____
            One of Its Attorneys

18

Steven M. Hartmann, ARDC No. 6185428
Freeborn & Peters LLP
311 South Wacker Drive - Suite 3000
Chicago, IL  60606-6677
312.360.6000
shartmann@freeborn.com

Zachary Glaser (*pro hac vice application pending*)
Offit Kurman, P.A.
Ten Penn Center
1801 Market Street - Suite 2300
Philadelphia, PA 19103
zglaser@offitkurman.com

Dated: July 2, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney, being duly sworn on oath, states that he caused a copy of the foregoing to be served upon the counsel of record listed below, via the Court's ECF system on July 2, 2021:

> Thomas A. Zimmerman, Jr. (IL #6231944)
> *tom@attorneyzim.com*
> Jeffrey D. Blake
> *jeff@attorneyzim.com*
> ZIMMERMAN LAW OFFICES, P.C.
> 77 W. Washington Street, Suite 1220
> Chicago, Illinois 60602
> Telephone: (312) 440-0020
> Facsimile: (312) 440-4180
> *www.attorneyzim.com*
>
> Mark L. Javitch (pending *pro hac vice admission*)
> *mark@javitchlawoffice.com*
> Javitch Law Office
> 480 S. Ellsworth Avenue
> San Mateo, California 94401
> Telephone: (650) 781-8000
> Facsimile: (650) 648-0705

/s/ Steven M. Hartmann

5727029v1/33893-0003