## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated, | Case No.: 1:21-cv-02509-EEC |
| Plaintiff, | Honorable Edmond E. Chang |
| v. | |
| THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation, | **DECLARATION OF MARK L. JAVITCH** |
| Defendants. | |

I hereby declare the following:

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California. On June 25, 2021, I was admitted to this Court solely to represent Plaintiff in this matter on a *pro hac vice basis*. ECF No. 9.

2. This declaration is based on personal knowledge of the matters set forth herein.

3. I am an attorney of record for Plaintiff Michael Anthony and the putative Class in the instant matter.

4. On June 22, 2021, counsel for the parties, including Thomas Zimmerman, Jr., Jeff Blake, and myself, and counsel for Defendants, Ari Karen and Zachary Glaser, conducted a teleconference to discuss Defendants' assertion that Plaintiff consented to be called. I requested evidence of prior consent. Defendants' counsel referenced a recording of the call during which Plaintiff did not correct Defendants' false assumption that Plaintiff was "Needle Dee".

5. Counsel for Defendants did not mention they planned to file a counterclaim.

6. On June 23, 2021, I emailed Ari Karen and Zachary Glaser to request their evidence of Plaintiff's prior consent to be called.

7. Attached as Exhibit "A" is a true and correct copy of that email.

8. I did not receive a response to the email in Exhibit "A".

9. On July 8, 2021, I emailed and sent via overnight US Postal Mail to counsel for Defendants a letter entitled "Notice of Commencement of Safe Harbor Period" and the proposed motion for sanctions, pursuant to F.R.C.P. 11, to counsel for Defendants.

10. Attached as Exhibit "B" is a true and correct copy of the letter and motion for sanctions, served on Defendants' counsel, which has been updated in non-material ways to maintain accuracy in light of intervening factual developments and facts learned during the safe harbor period. *See* Footnotes 2-4.

11. Attached as Exhibit "C" is a true and correct copy of the email correspondence from Defendants' counsel, Zachary Glaser, on July 14, 2021.

12. Attached as Exhibit "D" is a true and correct copy of the written correspondence from Defendants' counsel of July 29, 2021, refusing to withdraw Defendants' challenged counterclaim.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 3, 2021.**

By: _/s/ Mark L. Javitch_____
Mark L. Javitch, Esq.

# Exhibit A

 **Gmail**

Mark Javitch <javitchm@gmail.com>

---

## Re: Anthony v. FSB
1 message

---

**Mark Javitch** <mark@javitchlawoffice.com>                 Wed, Jun 23, 2021 at 11:54 AM
To: "Glaser, Zachary" <zglaser@offitkurman.com>, Mark Javitch <mark@javitchlawoffice.com>, "Karen, Ari" <akaren@offitkurman.com>
Cc: Tom Zimmerman <tom@attorneyzim.com>, Mark Javitch <mark@javitchlawoffice.com>, Jeff Blake <jeff@attorneyzim.com>

Hi Zach and Ari,

Thanks for your time on the phone today. Plaintiff agrees to extend the deadline to respond to the complaint for seven days.

When you have a moment, please send over the audio file and any records of prior consent.

Thanks and best regards,
Mark Javitch

> On Tue, Jun 22, 2021 at 1:59 PM Mark Javitch <mark@javitchlawoffice.com> wrote:
> 1 to 3pm CST tomorrow also works for me
>
> We can use my conference line at 650-249-7484.
>
> On Tue, Jun 22, 2021 at 1:57 PM Tom Zimmerman <tom@attorneyzim.com> wrote:
>> I'm free tomorrow between 11a-4p CST.
>>
>> Tom Zimmerman
>>
>>> On Jun 22, 2021, at 3:46 PM, Glaser, Zachary <zglaser@offitkurman.com> wrote:
>>>
>>>
>>> I'm adding Ari Karen from my firm.
>>>
>>> Can we schedule a call for tomorrow to discuss this case?
>>>
>>> Sent from my Verizon, Samsung Galaxy smartphone
>>> Get Outlook for Android

 

**Zachary Glaser**

Principal
D 267.338.1315
M 215.301.2562
zglaser@offitkurman.com

Ten Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103
T 267.338.1300
F 267.338.1335
offitkurman.com



<image751373.png> <image544479.png> <image603442.png> <image935146.png>

---

**From:** Mark Javitch <mark@javitchlawoffice.com>
**Sent:** Tuesday, June 22, 2021, 4:44 PM
**To:** Glaser, Zachary; Thomas A Zimmerman Jr; Jeff Blake
**Cc:** mark@javitchlawoffice.com
**Subject:** Re: Anthony v. FSB

Hi Zach,

Thanks for the email regarding FSB. Please see Tom Zimmerman and Jeff Blake who are on this email. Tom is lead counsel. Please copy all of us on all communications and let us know how we can help.

Best,
Mark Javitch

On Tue, Jun 22, 2021 at 1:15 PM Glaser, Zachary <zglaser@offitkurman.com> wrote:

Mark:  Please confirm that you are lead counsel for Plaintiff in the above-referenced litigation.

Regards,

Zach

**Zachary Glaser**

Principal

D 267.338.1315

M 215.301.2562

zglaser@offitkurman.com

Ten Penn Center
1801 Market Street

Suite 2300

Philadelphia, PA 19103

T 267.338.1300

F 267.338.1335

offitkurman.com

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

# Exhibit B



## JAVITCH LAW OFFICE

MARK L. JAVITCH, ESQ.
Mark@javitchlawoffice.com

July 8, 2021

**Via Overnight US Mail & Email**

Mr. Zachary Glaser
Mr. Ari Karen
Offit Kurman
Ten Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103
akaren@offitkurman.com
zglaser@offitkurman.com

**Re:  Notice of Commencement of Safe Harbor Period Prior to Plaintiff's filing of the attached Motion for Sanctions;** *Anthony v. FSB, et. al.,* **No. 1:21-cv-02509 (ND. IL)**

Dear Defendants' Counsel:

Plaintiff Michael Anthony ("Plaintiff") hereby gives notice under F.R.C.P. 11 that Plaintiff plans to file the attached motion for sanctions against Defendants as soon as the Safe Harbor period expires after 21 days from the date this letter is served upon you.

Defendants' counterclaim constitutes a violation of Rule 11(b)(1)-(3) in that it was (i) presented for an improper purpose, (ii) without basis in law, and (iii) contained factual contents without evidentiary basis. Plaintiff requests that the counterclaim be withdrawn.

In our phone call on June 22, 2021, you did not mention that your client planned to file a counterclaim for common law fraud. On the contrary, you claimed that Plaintiff consented to be contacted *on the call itself*, but I pointed out that the proper inquiry is whether Plaintiff consented *prior* to the call. *See Newbold v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 9131, 2015 U.S. Dist. LEXIS 194101, 2015 WL 13658554, at *22-23 (N.D. Ill. Jan. 23, 2015) (Section 227(c) requires prior express consent of the called party).

In the counterclaim, Defendants allege that "Upon information and belief, Plaintiff is a serial filer of TCPA lawsuits." Dkt. 15, ¶ 2. This statement is false. Please immediately provide your basis for this statement or withdraw it.

480 S. ELLSWORTH AVENUE, SAN MATEO, CA 94401
TEL 650.781.8000 FAX 650.648.0705

Zachary Glaser
Ari Karen
Page 2
July 8, 2021

After our call, on June 23, 2021, I emailed you requesting that Defendants provide their evidence of consent *prior* to the call. *See* email attached hereto as Exhibit "A." I did not receive a response, and instead, on July 2, 2021, Defendants filed an unsupported counterclaim. Dkt. 15.

However, it is well established that a TCPA victim requesting information from the caller to learn the identity of the caller does not constitute consent to be called even if the victim "feigns interest" in the underlying product. *See Johansen v. GVN Michigan, Inc*., No. 1:15-cv-00912, 2015 U.S. Dist. LEXIS 79776, at *3–4, 2015 WL 3823036, at *2 (N.D. Ill. June 18, 2015) (pressing "1" in attempt to identify caller did not signify consent to be called in the future) (Posner, J., sitting by designation).

There is no possible basis (and Defendants have offered none) to believe that Defendants had consent to call Plaintiff on April 15, 2021. After learning FSB's identity, Plaintiff immediately called back Moe, and stayed on the line with him for forty five minutes until he was transferred to Moe's manager, Matt O., to whom Plaintiff also communicated that he should have never been called because he did not request to be called and his phone number has been listed on the Do Not Call Registry for a significant long term period. Later, he also expressed his disinterest in being called to Maggie D., a vice president of FSB apparently in charge of telemarketing. *See* Dkt. 15, at ¶¶ 40-43 (admitting that Plaintiff spoke to Moe and two managers).

Even if Mr. Anthony did temporarily "feign interest," there is no basis to support a fraud claim. Courts across the country have consistently held that engaging with the caller to find the identity of the correct party to sue can be a necessary investigatory step to bring a lawsuit. *See Johansen v. GVN Michigan, Inc*., 2015 U.S. Dist. LEXIS 79776, at *3-4 ("[T]he defendant argues that by pressing 1 the plaintiff consented to receive future Robocalls from the defendant. The plaintiff, however, alleges that he pressed 1 only to find out who was calling (and there is no evidence to the contrary) . . . . If [the plaintiff] didn't know who was calling, he wouldn't know whom to sue. His seeking the caller's identity was not tantamount to consenting to receive telephone solicitations."); *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12, 16, 2019 WL 1506378 (E.D. Pa. April 5, 2019) ("The fact that he 'play[s] along' with telemarketing scripts to 'find out who [they] really are' is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation . . . . Plaintiff's only intentional engagement with Defendant was calling it back to "find out who [it] really [was]," which is a prerequisite to filing a lawsuit. At this stage, there is no evidence that Plaintiff is doing anything other than "pursu[ing] his rights."); *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 U.S. Dist. LEXIS 111096, at *7, 2017 WL 3034664 (E.D. Tex. July 18, 2017) ("While it is true that Plaintiff informed 'Donate That Car' that he desired to donate a vehicle, Plaintiff alleged he made such false representation to find out who was responsible for making the numerous calls to his telephone number[. This is] an insufficient basis for concluding that Plaintiff acted in bad faith."); *Sapan v. Sunrise Mgmt*., 2016 U.S. Dist. LEXIS 56879 (C.D.

Zachary Glaser
Ari Karen
Page 3
July 8, 2021

Cal., Apr. 25, 2016) (granting default judgment) ("Sapan 'feigned interest in order to find out who was calling him' and was transferred to a 'Todd Stevens' of 'Sunrise Law Group.'")

In light of the foregoing, Plaintiff requests that Defendants withdraw their counterclaim within 21 days, or by July 29, 2021. If Defendants do not withdraw the counterclaim, Plaintiff will file the motion for sanctions attached to this letter as Exhibit "B."

Sincerely,

Mark L. Javitch
*One of the Attorneys for Plaintiff*
and the putative class
mark@javitchlawoffice.com

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>    Defendants. | Case No.:  1:21-cv-02509<br><br>Honorable Edmond E. Chang |

## PLAINTIFF MICHAEL ANTHONY'S MOTION FOR SANCTIONS

Plaintiff Michael Anthony ("Plaintiff") seeks sanctions against Defendants and/or their counsel under Fed. R. Civ. P. 11, the Court's inherent authority, and 28 U.S.C. § 1927, for filing a frivolous counterclaim designed solely to harass Plaintiff for asserting his rights.

## I.    PROCEDURAL BACKGROUND

On May 10, 2021, Plaintiff filed his complaint against THE FEDERAL SAVINGS BANK ("FSB"), and NATIONAL BANCORP HOLDINGS, INC. ("NBC," and together with FSB, the "Defendants"), asserting that they violated the Telephone Consumer Protection Act ("TCPA") by calling him without his consent and while he was registered on the National Do Not Call Registry ("DNC Registry"). Complaint, Dkt. 1.

Plaintiff has maintained his phone number on the DNC Registry since May 2004. Compl. ¶ 3. Despite this and his strict control over the use of his phone number, Plaintiff has been receiving numerous unsolicited phone calls asking for a clearly made-up person named "Needle Dee." Compl. ¶ 30. On April 14, 2021, Plaintiff received a phone call asking for Needle Dee. To investigate the source of the unsolicited calls, Plaintiff played along. Compl. ¶¶ 35–37. He was

connected with a person named Moe and was eventually sent an email from an address @thefederalsavingsbank.com. Compl. ¶ 39. Immediately after determining the identity of FSB, Plaintiff called back and informed Moe, and his manager Matt, that he did not consent to be called and that he was on the DNC Registry. Compl. ¶¶ 40–43. Despite speaking to two FSB employees that day, he received more unsolicited phone calls the next day. Compl. ¶ 44.

On June 30, 2021, Defendants filed an answer and a counterclaim for common law fraud, asserting that Plaintiff requested the call either by submitting his phone number into a third party website form requesting mortgage rates or because of the way he requested more information during the call. Dkt. 15.

## II.     RULE 11 NOTICE

Pursuant to Fed. R. Civ. P. 11(c)(2), the Rule 11 "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged [pleading] is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The purpose of the requirement in Rule 11(c)(2) is to compel the party seeking sanctions to "first fire a warning shot that gives the opponent time to find a safe harbor." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 882 (7th Cir. 2017).

On June 22, 2021, counsel for the Plaintiff, Thomas Zimmerman, Jr., Jeff Blake, and Mark Javitch, and counsel for Defendants, Ari Karen and Zachary Glaser, conducted a teleconference to discuss Defendants' assertion that Plaintiff consented to be called. *See* Declaration of Mark Javitch ("Javitch Decl.") ¶ 4. During the call, Defendants' counsel referenced only a recording or a transcript of one of the phone calls Defendants placed to Plaintiff, and they asserted that Plaintiff acknowledged that he was "Needle Dee." *Id.*

Counsel for Defendants did not mention that they planned to file a counterclaim. *Id.* ¶ 5. On June 23, 2021, counsel for Plaintiff emailed Ari Karen and Zachary Glaser to request to review any evidence of Plaintiff's prior consent to be called. Javitch Decl. ¶¶ 6-7. A true and correct copy of that email is attached as Exhibit "A" to the Javitch Decl. Plaintiff did not receive a response to the email in Exhibit "A". *Id.* ¶ 8. Instead, on July 2, 2021, Defendants filed their answer and counterclaim for fraud.

On July 8, 2021, Plaintiff's counsel caused a letter captioned "Notice of Commencement of Safe Harbor Period" and this Motion for Sanctions to be emailed and delivered by overnight mail to counsel for Defendants, pursuant to F.R.C.P. 11. *Id.* ¶¶ 9–10, and Exhibit "B" attached thereto.

In the Rule 11 letter, Plaintiff's counsel advised Defendants that the counterclaim was in violation of Rule 11(b)(1)-(3) in that it was (i) presented for an improper purpose, (ii) without basis in law, and (iii) contained factual contents without evidentiary basis. Plaintiff's counsel requested that the counterclaim be withdrawn, and that Defendants state their basis for asserting that Plaintiff is a serial litigant. The letter also outlined, in detail, the arguments and authorities supporting the basis for imposition of sanctions. This letter conforms to the standards required by *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011), for satisfaction of the "Safe Harbor" requirements of Rule 11.

## III.    STANDARD FOR RULE 11 SANCTIONS

Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met. The district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of*

*Teamsters, Local* 731, 990 F.2d 957, 963 (7th Cir. 1993). "Rule 11 does not require that the district court make a finding of bad faith. . . . Instead, the district court need only undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id*. at 963 (citations and internal quotation marks omitted).

## IV.   THE COUNTERCLAIM IS WITHOUT BASIS IN FACT

Defendants failed to make a reasonable investigation into the facts before asserting their counterclaim.

### A.   Plaintiff Was Called Six Times Despite Being on the National Do Not Call Registry and Never Consenting to Be Called

Plaintiff alleges at least six violations of 47 U.S.C. § 227(c) (the Do Not Call provision) of the TCPA in April 2021. Compl. ¶ 45. Plaintiff never consented to any calls and had no prior relationship with Defendants. Compl. ¶ 46. On the contrary, Plaintiff closely guards his privacy and has had his phone number registered on the DNC Registry for the past 17 years. Compl. ¶ 27. Plaintiff registered his residential phone number ending in x555 on the DNC Registry on May 20, 2004. Compl. ¶ 29. Plaintiff rarely gives out his phone number and maintains strict control over to whom he releases it. Compl. ¶ 28. For two years, despite never using such a moniker, Plaintiff has been receiving calls to speak to someone named "Needle Dee." Compl. ¶ 30. For this period, Plaintiff has been trying to identify how he was put on a list under the name Needle Dee so he could get his phone number removed from any association with "Needle Dee." Compl. ¶¶ 30–31.

### B.   Plaintiff Never Consented to Be Called

Defendants' assertion that Plaintiff consented to being called after the fact—*i.e., during the call itself*—is not a claim of *prior* express invitation or permission, which the law requires. *See* 47 C.F.R. § 64.1200(c)(2)(ii). And it is not in writing, which is also required. *Id*. Plaintiff played along to identify the caller, and Plaintiff received an email identifying FSB. That same day, Plaintiff called back to inform Defendants that he did not want to be called. During the call with Moe,

4

Plaintiff insisted to speak to a manger until Moe transferred him to Matt O., and he later spoke to a vice president at FSB in charge of telemarketing, Maggie D.[1] Compl. ¶ 43; Anthony Decl. ¶ 7. Plaintiff expressed to all three employees that he never should have been called and that he sought to be removed from their calling lists. Defendants do not dispute Plaintiff's subsequent conversations with Defendants. Dkt. 15, ¶¶ 40–43. But even *after* personally registering his complaints with Moe and his manager at FSB, Plaintiff still received four more unwanted calls from Defendants. Compl. ¶ 44; Anthony Decl. ¶ 7.

Defendants also assert that Plaintiff visited the website www.lowermyowninterestrate.com on January 10, 2021, and entered his address and phone number, which indicated consent to contact Plaintiff's phone number to sell him mortgage refinancing services. Despite Plaintiff's attorney inquiring about such information, Defendants have not produced any records supporting this assertion. *See* Javitch Decl. ¶¶ 6-7 and Exhibit "A" attached thereto. Plaintiff states that he has never heard of or visited that website. *See* Anthony Decl. ¶ 4.

Defendants also assert that Plaintiff is a "serial" TCPA filer. Dkt. 15, Counterclaim, ¶ 2. But this statement is false and irrelevant. Plaintiff has filed one other TCPA lawsuit besides this one. *See* Anthony Decl. ¶ 3. Defendants do not even mention a single other case he has filed. Defendants must immediately correct this falsehood that violates Rule 11. *Sato v. Kwasny*, No. 3-0037,1993 U.S. Dist. LEXIS 15693, 1993 WL 460842, at *3 (N.D. Ill. Nov. 5, 1993) (failure to make a reasonable investigation into the facts); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-cv-01108-SEB-TAB, 2015 U.S. Dist. LEXIS 108901, 2015 WL 4878644, at *27 (S.D. Ind. May 22, 2015) (failure to reasonably inquire into a "critical fact").

---

[1] Plaintiff has the full names of Moe, Maggie, and Matt, but there is no reason to publish their full names in this public filing.

**C.    Defendants Could Never Have Obtained Consent for the Calls Made After Plaintiff Spoke to Moe and his FSB Manager**

Plaintiff alleges that Defendants called him four more times after Plaintiff spoke to an employee and a manager of Defendants to reiterate that he never should have been called in the first place. Compl. ¶ 43. Defendants cannot establish that they ever obtained Plaintiff's consent to be called, and they have absolutely no basis to believe they had consent for the four calls made to Plaintiff after he verbally reiterated that he never gave consent and was on the DNC Registry. Defendants have no explanation for how they can establish consent *after* Plaintiff spoke to two FSB employees. *See* Anthony Decl. ¶¶ 5–7.

**V.    THE COUNTERCLAIM IS UNSUPPORTED IN LAW**

Under Rule 11(b)(2), the district court may impose sanctions if a lawsuit is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *National Wrecking Co.*, 990 F.2d at 963. Defendants' counterclaim for fraud is defective from the outset. *See Stoller v. Costco Wholesale Corp.*, No. 19-cv-140, 2020 U.S. Dist. LEXIS 7429, 2020 WL 247459, at *24 (N.D. Ill. Jan. 16, 2020).

**A.    Feigning Interest After a TCPA Violation Is Not Bad Faith**

Defendants cannot elevate their unsupported assertion that Plaintiff feigned interest into bad faith. Every American who experiences an unwanted telemarketing call wants them to stop, and investigating the violation is not in bad faith. Even if Plaintiff did "feign interest" during one of the calls, this does not support a fraud claim.

Courts across the country have consistently explained that it is to be expected, and not in bad faith, that the victim must in some way engage with the caller to discover and pursue the identity of the responsible party. *See Johansen v. GVN Mich., Inc*., 2015 U.S. Dist. LEXIS 79776,

at *3-4, 2015 WL 3823036 (N.D. Ill. June 18, 2015) (Posner, J., sitting by designation). ("[T]he defendant argues that by pressing 1 the plaintiff consented to receive future Robocalls from the defendant. The plaintiff, however, alleges that he pressed 1 only to find out who was calling (and there is no evidence to the contrary) . . . . If [the plaintiff] didn't know who was calling, he wouldn't know whom to sue. His seeking the caller's identity was not tantamount to consenting to receive telephone solicitations."); *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12, 16, 2019 WL 1506378 (E.D. Pa. April 5, 2019) ("The fact that he 'play[s] along' with telemarketing scripts to 'find out who [they] really are' is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation....Plaintiff's only intentional engagement with Defendant was calling it back to "find out who [it] really [was]," which is a prerequisite to filing a lawsuit. At this stage, there is no evidence that Plaintiff is doing anything other than "pursu[ing] his rights."); *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 U.S. Dist. LEXIS 111096, at *7, 2017 WL 3034664 (E.D. Tex. July 18, 2017) ("While it is true that Plaintiff informed 'Donate That Car' that he desired to donate a vehicle, Plaintiff alleged he made such false representation to find out who was responsible for making the numerous calls to his telephone number[. This is] an insufficient basis for concluding that Plaintiff acted in bad faith."); *Sapan v. Sunrise Mgmt.*, 2016 U.S. Dist. LEXIS 56879 (C.D. Cal., Apr. 25, 2016) (granting default judgment) ("Sapan 'feigned interest in order to find out who was calling him' and was transferred to a 'Todd Stevens' of 'Sunrise Law Group.'").

Moreover, Defendants must get consent in writing for it to be effective. *See* 47 C.F.R. 64.1200(c)(2)(ii). What was said verbally over the phone will not suffice as proper consent.

### B.    The Fraud Claim is Frivolous As a Matter of Law

The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including which misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. *Id.*; Fed. R. Civ. P. 9(b) (circumstances constituting fraud must be pled with particularity). A party generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief, except where it can show that the missing pieces are outside of its control. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442, 444 (7th Cir. 2001).

Defendants do not state with particularity any facts supporting their suspicions that "upon information and belief, Plaintiff visited the website www.lowermyowninterestrate.com on January 10, 2021" (the "who"), or what was allegedly said that conveyed an "interest in being contacted about refinancing a mortgage" (the "what"). Counterclaim ¶¶ 3, 12. According to Defendants, their vendor FDE, not Plaintiff, conveyed the information to Defendants that Defendants claim is false. Counterclaim ¶ 15. FDE could have obtained the information from anywhere, and Defendants do not provide a reasonable basis for alleging that it was Plaintiff who submitted the information into the website or explain how the information from website was transmitted to FDE. *See* Counterclaim ¶ 6 ("As a result of submitting this information and providing express written consent to be called, FDE called the number provided"). Defendants allege only on "information and belief" that Plaintiff visited a website (Counterclaim ¶ 3), and that "Plaintiff's phone number,

8

an email address, the name 'Needle Dee,' the address of a home in Lansdale, Pennsylvania, and information about the mortgage on that home" was entered into the website (Counterclaim ¶ 4). That information could have been entered by anybody, and Defendants have refused to provide Plaintiff's counsel any of the requested information pertaining to Defendants' assertion that Plaintiff did so. *See* Javitch Decl. ¶¶ 6–8 and Exhibit "A" attached thereto.

In addition, Defendants claim in conclusory fashion that the website they allude to, www.lowermyowninterestrate.com, has "clear and unambiguous language" that submitting information is tantamount to consenting to be called, but avoid alleging the contents of the website's language (the "what"). *Id*. Counterclaim ¶ 5. Without these, the claim fails under Rule 9(b).

Also fatal to their claim is that Defendants do not actually plead reliance or causation. *See Beck v. Cantor, Fitzgerald & Co*., 621 F. Supp. 1547, 1555 (N.D. Ill. 1985). Defendants do not allege that they directly relied on the fraud, but rather that they were a "foreseeable target." Counterclaim ¶ 16. Defendants' reliance on FDE, however, was not foreseeable by anyone inputting the data into the website. Unlike in *Rozny v. Marnul*, where the court concluded that a surveyor who "kn[ew] that its plat would be used and relied on by others," could be held liable for its misstatements, no facts are alleged to suggest any computer user could have anticipated that Defendants would rely on the information allegedly input into the web form. *See* 43 Ill.2d 54, 67 (1969). Defendants do not argue that Plaintiff caused them to change their behavior. *See Doctor's Data*, 2011 U.S. Dist. LEXIS 134921, 2011 WL 5903508, at *37 ("[A] common law fraud claim requires actual reliance which means that the misrepresentations must reach the plaintiff who must reasonably rely on them… In this case, Doctor's Data alleges no reliance of their own and their fraud claim must be dismissed.") (citation omitted).

9

In fact, Defendants admit that Plaintiff informed Defendants on April 14, 2021 that he was not Needle Dee and that his number was on the DNC Registry. Dkt. 15 (admitting allegations in Compl. ¶ 41). But the calls continued, even after Plaintiff told two employees of FSB to stop calling and that he never consented to be called. Compl. ¶ 44. Defendants' fraud claim cannot be premised on the calls placed to Plaintiff after Plaintiff informed them he was not Needle Dee. Because this lawsuit is independently actionable for these subsequent calls and Defendants' only claimed injury is being named as defendants in this lawsuit, Defendants have failed to allege that any purported fraud caused their injury. And if Defendants have documentation showing Plaintiff gave prior written consent to be called, Plaintiff's counsel asked for it but have not received it. So, the ongoing litigation would be the result of Defendants' own failures. Having no reasonable basis at law, Defendants' assertion of this fraud counterclaim is sanctionable. *See Butler v. FDIC*, No. 11 CV 6692, 2014 U.S. Dist. LEXIS 27682, 2014 WL 843605, at *10 (N.D. Ill. Feb. 28, 2014) (granting sanctions for pursuing claims that were barred).

Finally, Defendants' unquestioning belief that a person named "Needle Dee" was interested in mortgage refinancing was unreasonable. Any reasonably prudent person would notice that was a fake name, or at least suspect as much and investigate further. Therefore, any reliance on a web submission through FDE and perhaps other unidentified intermediaries which Defendants refused to show Plaintiff, is entirely unreasonable. Counterclaim, at ¶ 4. *See DaimlerChrysler Servs. N. Am., LLC v. N. Chi. Mktg.*, No. 02 C 5633, 2003 U.S. Dist. LEXIS 25147, at *8-9 (N.D. Ill., Feb. 7, 2003) (dismissing fraud claim because plaintiff fails to show reasonable reliance as a matter of law when simply reading the documents would reveal the supposed fraud).

10

## VI.     THE COUNTERCLAIM WAS FILED FOR AN IMPROPER PURPOSE

A motion, pleading, or other document may not be interposed for purposes of delay, harassment, or increasing the costs of litigation. Fed. R. Civ. P. 11.

The fraud counterclaim could only have been filed for an improper purpose. Defendants are experienced litigators and know and understand the elements of common law fraud, but they do not even attempt to satisfy the standard. *See Royce v. Michael R. Needle, P.C*., 158 F. Supp. 3d 708, 2016 WL 393147, at *4 (N.D. Ill. 2016) (the defendants "could not have advanced the counterclaim consistently with Rule 11(b)(2). Only a determined indifference to the legal merits of the case serves to explain their conduct."). As experienced litigators, Defendants' counsel should have known that their position was groundless. *See CUNA Mut. Ins. Soc'y v. Office of Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560–61 (7th Cir. 2006).

Defendants accuse Plaintiff of fraud for the sole purpose of intimidating Plaintiff into dropping his meritorious lawsuit. The parties conducted a teleconference where counsel for Plaintiff requested any records showing Plaintiff's purported consent to be called. *See* Javitch Decl. ¶ 4. The next day, counsel for Plaintiff emailed again requesting any evidence to support Defendants' allegations of Plaintiff's consent prior to the calls, but counsel for Defendants did not respond. *Id*. ¶¶ 6–8 and Exhibit "A" attached thereto. Instead, they filed a frivolous counterclaim which relies on "information and belief" for allegations they are required to have substantiated prior to making the telemarketing phone calls to Plaintiff, and even more so, prior to making allegations of fraud in federal court.

## VII.    THE COURT SHOULD ALTERNATIVELY SANCTION DEFENDANTS UNDER ITS INHERENT AUTHORITY OR 28 U.S.C. § 1927

A court may also invoke its inherent powers to sanction litigants even where procedural rules exist that would sanction the same conduct. *Methode Elecs., Inc. v. Adam Techs., Inc*., 371

11

F.3d 923, 927 (7th Cir. 2004). Sanctions may be imposed "if the court finds that the party acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal citation omitted). Further, 28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 authorizes sanctions against an attorney who has engaged in a "serious and studied disregard for the orderly process of justice." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166 (7th Cir. 1983) (citations and internal quotation marks omitted).

For the same reasons explained above, Plaintiff requests that the Court sanction Defendants under its inherent authority or pursuant to Section 1927.

## VIII. CONCLUSION

For the foregoing reasons, the Court should impose sanctions under Rule 11, the Court's inherent authority, and/or 28 U.S.C. § 1927, and for such other appropriate relief as the Court deems appropriate.

MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr.
    *tom@attorneyzim.com*
    Jeffrey Blake
    *jeff@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 W. Washington Street, Suite 1220
    Chicago, Illinois 60602
    Telephone: (312) 440-0020
    Facsimile: (312) 440-4180

    Mark L. Javitch (admitted *pro hac vice*)
    JAVITCH LAW OFFICE
    480 S. Ellsworth Avenue

San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
*mark@javitchlawoffice.com*

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I emailed and mailed via USPS Overnight Mail tracking number 92701901755477000001976148 the foregoing Motion for Sanctions and the Notice of Commencement of Safe Harbor Period to counsel for Defendants:

Mr. Zachary Glaser
Mr. Ari Karen
Offit Kurman
Ten Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103
akaren@offitkurman.com
zglaser@offitkurman.com


Dated: July 8, 2021                              /s/ Mark L. Javitch.

14

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>          v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>            Defendants. | Case No.: 1:21-cv-02509-EEC<br><br>Honorable Edmond E. Chang<br><br><br>**DECLARATION OF MICHAEL ANTHONY** |

I hereby declare the following:

1. I am over the age of 18, and this declaration is based on personal knowledge of the matters set forth herein.

2. I am the Plaintiff in this action.

3. I have been the Plaintiff in two TCPA actions, including the present case, and one other matter. I have never filed any other TCPA or telemarketing-related actions besides these two cases.

4. Prior to Defendants' filing of their Answer, I had never visited or heard of the website lowermyowninterestrate.com.

5. On April 14, 2021, I was called and then transferred to Moe.

6. After receiving numerous telemarketing calls over the past two years asking for "Needle Dee," I did not correct the caller when she asked to speak to Needle Dee in an attempt to identify the person calling me.

7. On April 14, 2021, I told Moe, his manager Matt O., and later, to Maggie D., a vice president in charge of telemarketing, that I was on the federal Do Not Call Registry and should never have been called, and that I sought to be removed from their calling lists.

DocuSign Envelope ID: 2974A822-5017-47F8-BAEE-3963C1E1B15E

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2021.**

By: _____

Michael Anthony

2

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated, | Case No.: 1:21-cv-02509-EEC |
| Plaintiff, | Honorable Edmond E. Chang |
| v. | |
| THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation, | **DECLARATION OF MARK L. JAVITCH** |
| Defendants. | |

I hereby declare the following:

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California. On June 25, 2021, I was admitted to this Court solely to represent Plaintiff in this matter on a *pro hac vice basis*. ECF 9.

2. This declaration is based on personal knowledge of the matters set forth herein.

3. I am an attorney of record for Plaintiff Michael Anthony and the putative Class in the instant matter.

4. On June 22, 2021, counsel for the parties, including Thomas Zimmerman, Jr., Jeff Blake, and counsel for Defendants, Ari Karen and Zachary Glaser, conducted a teleconference to discuss Defendants' assertion that Plaintiff consented to be called. I requested evidence of prior consent. Defendants' counsel referenced a recording of the call during which Plaintiff did not correct Defendants' false assumption that Plaintiff was "Needle Dee".

5. Counsel for Defendants did not mention they planned to file a counterclaim.

6. On June 23, 2021, I emailed Ari Karen and Zachary Glaser to request their evidence of Plaintiff's prior consent to be called.

7. Attached as Exhibit "A" is a true and correct copy of that email.

8. I did not receive a response to the email in Exhibit "A".

9. On July 8, 2021, I emailed and sent via overnight US Postal Mail to counsel for Defendants a letter entitled "Notice of Commencement of Safe Harbor Period" and the proposed motion for sanctions, pursuant to F.R.C.P. 11, to counsel for Defendants.

10. Attached as Exhibit "B" is a true and correct copy of the letter and motion for sanctions.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2021.**

By: _/s/ Mark L. Javitch_____ _____
        Mark L. Javitch, Esq.

# Exhibit A

 Gmail

**Mark Javitch <javitchm@gmail.com>**

---

**Re: Anthony v. FSB**
1 message

---

**Mark Javitch** <mark@javitchlawoffice.com>                                      Wed, Jun 23, 2021 at 11:54 AM
To: "Glaser, Zachary" <zglaser@offitkurman.com>, Mark Javitch <mark@javitchlawoffice.com>, "Karen, Ari" <akaren@offitkurman.com>
Cc: Tom Zimmerman <tom@attorneyzim.com>, Mark Javitch <mark@javitchlawoffice.com>, Jeff Blake <jeff@attorneyzim.com>

Hi Zach and Ari,

Thanks for your time on the phone today. Plaintiff agrees to extend the deadline to respond to the complaint for seven days.

When you have a moment, please send over the audio file and any records of prior consent.

Thanks and best regards,
Mark Javitch

On Tue, Jun 22, 2021 at 1:59 PM Mark Javitch <mark@javitchlawoffice.com> wrote:
> 1 to 3pm CST tomorrow also works for me

We can use my conference line at 650-249-7484.

On Tue, Jun 22, 2021 at 1:57 PM Tom Zimmerman <tom@attorneyzim.com> wrote:
> I'm free tomorrow between 11a-4p CST.

Tom Zimmerman

On Jun 22, 2021, at 3:46 PM, Glaser, Zachary <zglaser@offitkurman.com> wrote:

I'm adding Ari Karen from my firm.

Can we schedule a call for tomorrow to discuss this case?

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

  Offit | Kurman
Attorneys At Law

**Zachary Glaser**

Principal                          Ten Penn Center
D 267.338.1315                     1801 Market Street
M 215.301.2562                     Suite 2300
zglaser@offitkurman.com            Philadelphia, PA 19103
                                   T 267.338.1300
                                   F 267.338.1335
                                   offitkurman.com

 View My Bio »»

 CONNECT ON LINKEDIN          <image751373.png> <image544479.png> <image603442.png> <image935146.png>

---

**From:** Mark Javitch <mark@javitchlawoffice.com>
**Sent:** Tuesday, June 22, 2021, 4:44 PM
**To:** Glaser, Zachary; Thomas A Zimmerman Jr; Jeff Blake
**Cc:** mark@javitchlawoffice.com
**Subject:** Re: Anthony v. FSB

Hi Zach,

Thanks for the email regarding FSB. Please see Tom Zimmerman and Jeff Blake who are on this email. Tom is lead counsel. Please copy all of us on all communications and let us know how we can help.

Best,
Mark Javitch

On Tue, Jun 22, 2021 at 1:15 PM Glaser, Zachary <zglaser@offitkurman.com> wrote:

Mark:  Please confirm that you are lead counsel for Plaintiff in the above-referenced litigation.


Regards,


Zach


**Zachary Glaser**

Principal

D 267.338.1315

M 215.301.2562

zglaser@offitkurman.com

Ten Penn Center
1801 Market Street

Suite 2300

Philadelphia, PA 19103

T 267.338.1300

F 267.338.1335

offitkurman.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

# Exhibit B



# JAVITCH LAW OFFICE

MARK L. JAVITCH, ESQ.
Mark@javitchlawoffice.com

July 8, 2021

**<u>Via Overnight US Mail & Email</u>**

Mr. Zachary Glaser
Mr. Ari Karen
Offit Kurman
Ten Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103
akaren@offitkurman.com
zglaser@offitkurman.com

> **Re:  Notice of Commencement of Safe Harbor Period Prior to Plaintiff's filing of the attached Motion for Sanctions; *Anthony v. FSB, et. al.,* No. 1:21-cv-02509 (ND. IL)**

Dear Defendants' Counsel:

Plaintiff Michael Anthony ("Plaintiff") hereby gives notice under F.R.C.P. 11 that Plaintiff plans to file the attached motion for sanctions against Defendants as soon as the Safe Harbor period expires after 21 days from the date this letter is served upon you.

Defendants' counterclaim constitutes a violation of Rule 11(b)(1)-(3) in that it was (i) presented for an improper purpose, (ii) without basis in law, and (iii) contained factual contents without evidentiary basis. Plaintiff requests that the counterclaim be withdrawn.

In our phone call on June 22, 2021, you did not mention that your client planned to file a counterclaim for common law fraud. On the contrary, you claimed that Plaintiff consented to be contacted *on the call itself*, but I pointed out that the proper inquiry is whether Plaintiff consented *prior* to the call. *See Newbold v. State Farm Mut. Auto. Ins. Co*., No. 13 C 9131,2015 U.S. Dist. LEXIS 194101, 2015 WL 13658554, at *22-23 (N.D. Ill. Jan. 23, 2015) (Section 227(c) requires prior express consent of the called party).

In the counterclaim, Defendants allege that "Upon information and belief, Plaintiff is a serial filer of TCPA lawsuits." Dkt. 15, ¶ 2. This statement is false. Please immediately provide your basis for this statement or withdraw it.

Zachary Glaser
Ari Karen
Page 2
July 8, 2021

After our call, on June 23, 2021, I emailed you requesting that Defendants provide their evidence of consent *prior* to the call. *See* email attached hereto as Exhibit "A." I did not receive a response, and instead, on July 2, 2021, Defendants filed an unsupported counterclaim. Dkt. 15.

However, it is well established that a TCPA victim requesting information from the caller to learn the identity of the caller does not constitute consent to be called even if the victim "feigns interest" in the underlying product. *See Johansen v. GVN Michigan, Inc.*, No. 1:15-cv-00912, 2015 U.S. Dist. LEXIS 79776, at *3–4, 2015 WL 3823036, at *2 (N.D. Ill. June 18, 2015) (pressing "1" in attempt to identify caller did not signify consent to be called in the future) (Posner, J., sitting by designation).

There is no possible basis (and Defendants have offered none) to believe that Defendants had consent to call Plaintiff on April 15, 2021. After learning FSB's identity, Plaintiff immediately called back Moe, and stayed on the line with him for forty five minutes until he was transferred to Moe's manager, Matt O., to whom Plaintiff also communicated that he should have never been called because he did not request to be called and his phone number has been listed on the Do Not Call Registry for a significant long term period. Later, he also expressed his disinterest in being called to Maggie D., a vice president of FSB apparently in charge of telemarketing. *See* Dkt. 15, at ¶¶ 40-43 (admitting that Plaintiff spoke to Moe and two managers).

Even if Mr. Anthony did temporarily "feign interest," there is no basis to support a fraud claim. Courts across the country have consistently held that engaging with the caller to find the identity of the correct party to sue can be a necessary investigatory step to bring a lawsuit. *See Johansen v. GVN Michigan, Inc.*, 2015 U.S. Dist. LEXIS 79776, at *3-4 ("[T]he defendant argues that by pressing 1 the plaintiff consented to receive future Robocalls from the defendant. The plaintiff, however, alleges that he pressed 1 only to find out who was calling (and there is no evidence to the contrary) . . . . If [the plaintiff] didn't know who was calling, he wouldn't know whom to sue. His seeking the caller's identity was not tantamount to consenting to receive telephone solicitations."); *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12, 16, 2019 WL 1506378 (E.D. Pa. April 5, 2019) ("The fact that he 'play[s] along' with telemarketing scripts to 'find out who [they] really are' is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation . . . . Plaintiff's only intentional engagement with Defendant was calling it back to "find out who [it] really [was]," which is a prerequisite to filing a lawsuit. At this stage, there is no evidence that Plaintiff is doing anything other than "pursu[ing] his rights."); *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 U.S. Dist. LEXIS 111096, at *7, 2017 WL 3034664 (E.D. Tex. July 18, 2017) ("While it is true that Plaintiff informed 'Donate That Car' that he desired to donate a vehicle, Plaintiff alleged he made such false representation to find out who was responsible for making the numerous calls to his telephone number[. This is] an insufficient basis for concluding that Plaintiff acted in bad faith."); *Sapan v. Sunrise Mgmt.*, 2016 U.S. Dist. LEXIS 56879 (C.D.

Zachary Glaser
Ari Karen
Page 3
July 8, 2021

Cal., Apr. 25, 2016) (granting default judgment) ("Sapan 'feigned interest in order to find out who was calling him' and was transferred to a 'Todd Stevens' of 'Sunrise Law Group.'")

In light of the foregoing, Plaintiff requests that Defendants withdraw their counterclaim within 21 days, or by July 29, 2021. If Defendants do not withdraw the counterclaim, Plaintiff will file the motion for sanctions attached to this letter as Exhibit "B."

Sincerely,

Mark L. Javitch
*One of the Attorneys for Plaintiff*
and the putative class
mark@javitchlawoffice.com

### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>        Defendants. | Case No.: 1:21-cv-02509<br><br>Honorable Edmond E. Chang |

### PLAINTIFF MICHAEL ANTHONY'S MOTION FOR SANCTIONS

Plaintiff Michael Anthony ("Plaintiff") seeks sanctions against Defendants and/or their counsel under Fed. R. Civ. P. 11, the Court's inherent authority, and 28 U.S.C. § 1927, for filing a frivolous counterclaim designed solely to harass Plaintiff for asserting his rights.

## I.    PROCEDURAL BACKGROUND

On May 10, 2021, Plaintiff filed his complaint against THE FEDERAL SAVINGS BANK ("FSB"), and NATIONAL BANCORP HOLDINGS, INC. ("NBC," and together with FSB, the "Defendants"), asserting that they violated the Telephone Consumer Protection Act ("TCPA") by calling him without his consent and while he was registered on the National Do Not Call Registry ("DNC Registry"). Complaint, Dkt. 1.

Plaintiff has maintained his phone number on the DNC Registry since May 2004. Compl. ¶ 3. Despite this and his strict control over the use of his phone number, Plaintiff has been receiving numerous unsolicited phone calls asking for a clearly made-up person named "Needle Dee." Compl. ¶ 30. On April 14, 2021, Plaintiff received a phone call asking for Needle Dee. To investigate the source of the unsolicited calls, Plaintiff played along. Compl. ¶¶ 35–37. He was

connected with a person named Moe and was eventually sent an email from an address @thefederalsavingsbank.com. Compl. ¶ 39. Immediately after determining the identity of FSB, Plaintiff called back and informed Moe, and his manager Matt, that he did not consent to be called and that he was on the DNC Registry. Compl. ¶¶ 40–43. Despite speaking to two FSB employees that day, he received more unsolicited phone calls the next day. Compl. ¶ 44.

On June 30, 2021, Defendants filed an answer and a counterclaim for common law fraud, asserting that Plaintiff requested the call either by submitting his phone number into a third party website form requesting mortgage rates or because of the way he requested more information during the call. Dkt. 15.

## II.      RULE 11 NOTICE

Pursuant to Fed. R. Civ. P. 11(c)(2), the Rule 11 "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged [pleading] is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The purpose of the requirement in Rule 11(c)(2) is to compel the party seeking sanctions to "first fire a warning shot that gives the opponent time to find a safe harbor." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 882 (7th Cir. 2017).

On June 22, 2021, counsel for the Plaintiff, Thomas Zimmerman, Jr., Jeff Blake, and Mark Javitch, and counsel for Defendants, Ari Karen and Zachary Glaser, conducted a teleconference to discuss Defendants' assertion that Plaintiff consented to be called. *See* Declaration of Mark Javitch ("Javitch Decl.") ¶ 4. During the call, Defendants' counsel referenced only a recording or a transcript of one of the phone calls Defendants placed to Plaintiff, and they asserted that Plaintiff acknowledged that he was "Needle Dee." *Id*.

Counsel for Defendants did not mention that they planned to file a counterclaim. *Id*. ¶ 5. On June 23, 2021, counsel for Plaintiff emailed Ari Karen and Zachary Glaser to request to review any evidence of Plaintiff's prior consent to be called. Javitch Decl. ¶¶ 6-7. A true and correct copy of that email is attached as Exhibit "A" to the Javitch Decl. Plaintiff did not receive a response to the email in Exhibit "A". *Id*. ¶ 8. Instead, on July 2, 2021, Defendants filed their answer and counterclaim for fraud.

On July 8, 2021, Plaintiff's counsel caused a letter captioned "Notice of Commencement of Safe Harbor Period" and this Motion for Sanctions to be emailed and delivered by overnight mail to counsel for Defendants, pursuant to F.R.C.P. 11. *Id*. ¶¶ 9–10, and Exhibit "B" attached thereto.

In the Rule 11 letter, Plaintiff's counsel advised Defendants that the counterclaim was in violation of Rule 11(b)(1)-(3) in that it was (i) presented for an improper purpose, (ii) without basis in law, and (iii) contained factual contents without evidentiary basis. Plaintiff's counsel requested that the counterclaim be withdrawn, and that Defendants state their basis for asserting that Plaintiff is a serial litigant. The letter also outlined, in detail, the arguments and authorities supporting the basis for imposition of sanctions. This letter conforms to the standards required by *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011), for satisfaction of the "Safe Harbor" requirements of Rule 11.

## III. STANDARD FOR RULE 11 SANCTIONS

Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met. The district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of*

*Teamsters, Local* 731, 990 F.2d 957, 963 (7th Cir. 1993). "Rule 11 does not require that the district court make a finding of bad faith. . . . Instead, the district court need only undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id*. at 963 (citations and internal quotation marks omitted).

## IV.    THE COUNTERCLAIM IS WITHOUT BASIS IN FACT

Defendants failed to make a reasonable investigation into the facts before asserting their counterclaim.

### A.    Plaintiff Was Called Six Times Despite Being on the National Do Not Call Registry and Never Consenting to Be Called

Plaintiff alleges at least six violations of 47 U.S.C. § 227(c) (the Do Not Call provision) of the TCPA in April 2021. Compl. ¶ 45. Plaintiff never consented to any calls and had no prior relationship with Defendants. Compl. ¶ 46. On the contrary, Plaintiff closely guards his privacy and has had his phone number registered on the DNC Registry for the past 17 years. Compl. ¶ 27. Plaintiff registered his residential phone number ending in x555 on the DNC Registry on May 20, 2004. Compl. ¶ 29. Plaintiff rarely gives out his phone number and maintains strict control over to whom he releases it. Compl. ¶ 28. For two years, despite never using such a moniker, Plaintiff has been receiving calls to speak to someone named "Needle Dee." Compl. ¶ 30. For this period, Plaintiff has been trying to identify how he was put on a list under the name Needle Dee so he could get his phone number removed from any association with "Needle Dee." Compl. ¶¶ 30–31.

### B.    Plaintiff Never Consented to Be Called

Defendants' assertion that Plaintiff consented to being called after the fact—*i.e., during the call itself*—is not a claim of *prior* express invitation or permission, which the law requires. *See* 47 C.F.R. § 64.1200(c)(2)(ii). And it is not in writing, which is also required. *Id*. Plaintiff played along to identify the caller, and Plaintiff received an email identifying FSB. That same day, Plaintiff called back to inform Defendants that he did not want to be called. During the call with Moe,

4

Plaintiff insisted to speak to a manger until Moe transferred him to Matt O., and he later spoke to a vice president at FSB in charge of telemarketing, Maggie D.[1] Compl. ¶ 43; Anthony Decl. ¶ 7. Plaintiff expressed to all three employees that he never should have been called and that he sought to be removed from their calling lists. Defendants do not dispute Plaintiff's subsequent conversations with Defendants. Dkt. 15, ¶¶ 40–43. But even *after* personally registering his complaints with Moe and his manager at FSB, Plaintiff still received four more unwanted calls from Defendants. Compl. ¶ 44; Anthony Decl. ¶ 7.

Defendants also assert that Plaintiff visited the website www.lowermyowninterestrate.com on January 10, 2021, and entered his address and phone number, which indicated consent to contact Plaintiff's phone number to sell him mortgage refinancing services. Despite Plaintiff's attorney inquiring about such information, Defendants have not produced any records supporting this assertion. *See* Javitch Decl. ¶¶ 6-7 and Exhibit "A" attached thereto. Plaintiff states that he has never heard of or visited that website. *See* Anthony Decl. ¶ 4.

Defendants also assert that Plaintiff is a "serial" TCPA filer. Dkt. 15, Counterclaim, ¶ 2. But this statement is false and irrelevant. Plaintiff has filed one other TCPA lawsuit besides this one. *See* Anthony Decl. ¶ 3. Defendants do not even mention a single other case he has filed. Defendants must immediately correct this falsehood that violates Rule 11. *Sato v. Kwasny*, No. 3-0037,1993 U.S. Dist. LEXIS 15693, 1993 WL 460842, at *3 (N.D. Ill. Nov. 5, 1993) (failure to make a reasonable investigation into the facts); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-cv-01108-SEB-TAB, 2015 U.S. Dist. LEXIS 108901, 2015 WL 4878644, at *27 (S.D. Ind. May 22, 2015) (failure to reasonably inquire into a "critical fact").

---

[1] Plaintiff has the full names of Moe, Maggie, and Matt, but there is no reason to publish their full names in this public filing.

### C. Defendants Could Never Have Obtained Consent for the Calls Made After Plaintiff Spoke to Moe and his FSB Manager

Plaintiff alleges that Defendants called him four more times after Plaintiff spoke to an employee and a manager of Defendants to reiterate that he never should have been called in the first place. Compl. ¶ 43. Defendants cannot establish that they ever obtained Plaintiff's consent to be called, and they have absolutely no basis to believe they had consent for the four calls made to Plaintiff after he verbally reiterated that he never gave consent and was on the DNC Registry. Defendants have no explanation for how they can establish consent *after* Plaintiff spoke to two FSB employees. *See* Anthony Decl. ¶¶ 5–7.

## V. THE COUNTERCLAIM IS UNSUPPORTED IN LAW

Under Rule 11(b)(2), the district court may impose sanctions if a lawsuit is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *National Wrecking Co.*, 990 F.2d at 963. Defendants' counterclaim for fraud is defective from the outset. *See Stoller v. Costco Wholesale Corp*., No. 19-cv-140, 2020 U.S. Dist. LEXIS 7429, 2020 WL 247459, at *24 (N.D. Ill. Jan. 16, 2020).

### A. Feigning Interest After a TCPA Violation Is Not Bad Faith

Defendants cannot elevate their unsupported assertion that Plaintiff feigned interest into bad faith. Every American who experiences an unwanted telemarketing call wants them to stop, and investigating the violation is not in bad faith. Even if Plaintiff did "feign interest" during one of the calls, this does not support a fraud claim.

Courts across the country have consistently explained that it is to be expected, and not in bad faith, that the victim must in some way engage with the caller to discover and pursue the identity of the responsible party. *See Johansen v. GVN Mich., Inc*., 2015 U.S. Dist. LEXIS 79776,

at *3-4, 2015 WL 3823036 (N.D. Ill. June 18, 2015) (Posner, J., sitting by designation). ("[T]he defendant argues that by pressing 1 the plaintiff consented to receive future Robocalls from the defendant. The plaintiff, however, alleges that he pressed 1 only to find out who was calling (and there is no evidence to the contrary) . . . . If [the plaintiff] didn't know who was calling, he wouldn't know whom to sue. His seeking the caller's identity was not tantamount to consenting to receive telephone solicitations."); *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *12, 16, 2019 WL 1506378 (E.D. Pa. April 5, 2019) ("The fact that he 'play[s] along' with telemarketing scripts to 'find out who [they] really are' is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation....Plaintiff's only intentional engagement with Defendant was calling it back to "find out who [it] really [was]," which is a prerequisite to filing a lawsuit. At this stage, there is no evidence that Plaintiff is doing anything other than "pursu[ing] his rights."); *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 U.S. Dist. LEXIS 111096, at *7, 2017 WL 3034664 (E.D. Tex. July 18, 2017) ("While it is true that Plaintiff informed 'Donate That Car' that he desired to donate a vehicle, Plaintiff alleged he made such false representation to find out who was responsible for making the numerous calls to his telephone number[. This is] an insufficient basis for concluding that Plaintiff acted in bad faith."); *Sapan v. Sunrise Mgmt.*, 2016 U.S. Dist. LEXIS 56879 (C.D. Cal., Apr. 25, 2016) (granting default judgment) ("Sapan 'feigned interest in order to find out who was calling him' and was transferred to a 'Todd Stevens' of 'Sunrise Law Group.'").

Moreover, Defendants must get consent in writing for it to be effective. *See* 47 C.F.R. 64.1200(c)(2)(ii). What was said verbally over the phone will not suffice as proper consent.

7

### B.    The Fraud Claim is Frivolous As a Matter of Law

The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including which misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. *Id.*; Fed. R. Civ. P. 9(b) (circumstances constituting fraud must be pled with particularity). A party generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief, except where it can show that the missing pieces are outside of its control. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442, 444 (7th Cir. 2001).

Defendants do not state with particularity any facts supporting their suspicions that "upon information and belief, Plaintiff visited the website www.lowermyowninterestrate.com on January 10, 2021" (the "who"), or what was allegedly said that conveyed an "interest in being contacted about refinancing a mortgage" (the "what"). Counterclaim ¶¶ 3, 12. According to Defendants, their vendor FDE, not Plaintiff, conveyed the information to Defendants that Defendants claim is false. Counterclaim ¶ 15. FDE could have obtained the information from anywhere, and Defendants do not provide a reasonable basis for alleging that it was Plaintiff who submitted the information into the website or explain how the information from website was transmitted to FDE. *See* Counterclaim ¶ 6 ("As a result of submitting this information and providing express written consent to be called, FDE called the number provided"). Defendants allege only on "information and belief" that Plaintiff visited a website (Counterclaim ¶ 3), and that "Plaintiff's phone number,

an email address, the name 'Needle Dee,' the address of a home in Lansdale, Pennsylvania, and information about the mortgage on that home" was entered into the website (Counterclaim ¶ 4). That information could have been entered by anybody, and Defendants have refused to provide Plaintiff's counsel any of the requested information pertaining to Defendants' assertion that Plaintiff did so. *See* Javitch Decl. ¶¶ 6–8 and Exhibit "A" attached thereto.

In addition, Defendants claim in conclusory fashion that the website they allude to, www.lowermyowninterestrate.com, has "clear and unambiguous language" that submitting information is tantamount to consenting to be called, but avoid alleging the contents of the website's language (the "what"). *Id*. Counterclaim ¶ 5. Without these, the claim fails under Rule 9(b).

Also fatal to their claim is that Defendants do not actually plead reliance or causation. *See Beck v. Cantor, Fitzgerald & Co*., 621 F. Supp. 1547, 1555 (N.D. Ill. 1985). Defendants do not allege that they directly relied on the fraud, but rather that they were a "foreseeable target." Counterclaim ¶ 16. Defendants' reliance on FDE, however, was not foreseeable by anyone inputting the data into the website. Unlike in *Rozny v. Marnul*, where the court concluded that a surveyor who "kn[ew] that its plat would be used and relied on by others," could be held liable for its misstatements, no facts are alleged to suggest any computer user could have anticipated that Defendants would rely on the information allegedly input into the web form. *See* 43 Ill.2d 54, 67 (1969). Defendants do not argue that Plaintiff caused them to change their behavior. *See Doctor's Data*, 2011 U.S. Dist. LEXIS 134921, 2011 WL 5903508, at *37 ("[A] common law fraud claim requires actual reliance which means that the misrepresentations must reach the plaintiff who must reasonably rely on them… In this case, Doctor's Data alleges no reliance of their own and their fraud claim must be dismissed.") (citation omitted).

9

In fact, Defendants admit that Plaintiff informed Defendants on April 14, 2021 that he was not Needle Dee and that his number was on the DNC Registry. Dkt. 15 (admitting allegations in Compl. ¶ 41). But the calls continued, even after Plaintiff told two employees of FSB to stop calling and that he never consented to be called. Compl. ¶ 44. Defendants' fraud claim cannot be premised on the calls placed to Plaintiff after Plaintiff informed them he was not Needle Dee. Because this lawsuit is independently actionable for these subsequent calls and Defendants' only claimed injury is being named as defendants in this lawsuit, Defendants have failed to allege that any purported fraud caused their injury. And if Defendants have documentation showing Plaintiff gave prior written consent to be called, Plaintiff's counsel asked for it but have not received it. So, the ongoing litigation would be the result of Defendants' own failures. Having no reasonable basis at law, Defendants' assertion of this fraud counterclaim is sanctionable. *See Butler v. FDIC*, No. 11 CV 6692, 2014 U.S. Dist. LEXIS 27682, 2014 WL 843605, at *10 (N.D. Ill. Feb. 28, 2014) (granting sanctions for pursuing claims that were barred).

Finally, Defendants' unquestioning belief that a person named "Needle Dee" was interested in mortgage refinancing was unreasonable. Any reasonably prudent person would notice that was a fake name, or at least suspect as much and investigate further. Therefore, any reliance on a web submission through FDE and perhaps other unidentified intermediaries which Defendants refused to show Plaintiff, is entirely unreasonable. Counterclaim, at ¶ 4. *See DaimlerChrysler Servs. N. Am., LLC v. N. Chi. Mktg.*, No. 02 C 5633, 2003 U.S. Dist. LEXIS 25147, at *8-9 (N.D. Ill., Feb. 7, 2003) (dismissing fraud claim because plaintiff fails to show reasonable reliance as a matter of law when simply reading the documents would reveal the supposed fraud).

10

## VI.     THE COUNTERCLAIM WAS FILED FOR AN IMPROPER PURPOSE

A motion, pleading, or other document may not be interposed for purposes of delay, harassment, or increasing the costs of litigation. Fed. R. Civ. P. 11.

The fraud counterclaim could only have been filed for an improper purpose. Defendants are experienced litigators and know and understand the elements of common law fraud, but they do not even attempt to satisfy the standard. *See Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 2016 WL 393147, at *4 (N.D. Ill. 2016) (the defendants "could not have advanced the counterclaim consistently with Rule 11(b)(2). Only a determined indifference to the legal merits of the case serves to explain their conduct."). As experienced litigators, Defendants' counsel should have known that their position was groundless. *See CUNA Mut. Ins. Soc'y v. Office of Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560–61 (7th Cir. 2006).

Defendants accuse Plaintiff of fraud for the sole purpose of intimidating Plaintiff into dropping his meritorious lawsuit. The parties conducted a teleconference where counsel for Plaintiff requested any records showing Plaintiff's purported consent to be called. *See* Javitch Decl. ¶ 4. The next day, counsel for Plaintiff emailed again requesting any evidence to support Defendants' allegations of Plaintiff's consent prior to the calls, but counsel for Defendants did not respond. *Id*. ¶¶ 6–8 and Exhibit "A" attached thereto. Instead, they filed a frivolous counterclaim which relies on "information and belief" for allegations they are required to have substantiated prior to making the telemarketing phone calls to Plaintiff, and even more so, prior to making allegations of fraud in federal court.

## VII.    THE COURT SHOULD ALTERNATIVELY SANCTION DEFENDANTS UNDER ITS INHERENT AUTHORITY OR 28 U.S.C. § 1927

A court may also invoke its inherent powers to sanction litigants even where procedural rules exist that would sanction the same conduct. *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371

F.3d 923, 927 (7th Cir. 2004). Sanctions may be imposed "if the court finds that the party acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. (internal citation omitted). Further, 28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 authorizes sanctions against an attorney who has engaged in a "serious and studied disregard for the orderly process of justice." *Badillo v. Central Steel & Wire Co*., 717 F.2d 1160, 1166 (7th Cir. 1983) (citations and internal quotation marks omitted).

For the same reasons explained above, Plaintiff requests that the Court sanction Defendants under its inherent authority or pursuant to Section 1927.

## VIII. CONCLUSION

For the foregoing reasons, the Court should impose sanctions under Rule 11, the Court's inherent authority, and/or 28 U.S.C. § 1927, and for such other appropriate relief as the Court deems appropriate.

MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr.
    *tom@attorneyzim.com*
    Jeffrey Blake
    *jeff@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 W. Washington Street, Suite 1220
    Chicago, Illinois 60602
    Telephone: (312) 440-0020
    Facsimile: (312) 440-4180

    Mark L. Javitch (admitted *pro hac vice*)
    JAVITCH LAW OFFICE
    480 S. Ellsworth Avenue

San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
*mark@javitchlawoffice.com*

*Attorneys for Plaintiff and the putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2021, I emailed and mailed via USPS Overnight Mail tracking number 9270190175547700000001976148 the foregoing Motion for Sanctions and the Notice of Commencement of Safe Harbor Period to counsel for Defendants:

> Mr. Zachary Glaser
> Mr. Ari Karen
> Offit Kurman
> Ten Penn Center
> 1801 Market Street
> Suite 2300
> Philadelphia, PA 19103
> akaren@offitkurman.com
> zglaser@offitkurman.com

Dated: July 8, 2021 /s/ Mark L. Javitch.

14

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>    Defendants. | Case No.:  1:21-cv-02509-EEC<br><br>Honorable Edmond E. Chang<br><br><br>**DECLARATION OF MICHAEL ANTHONY** |

I hereby declare the following:

1. I am over the age of 18, and this declaration is based on personal knowledge of the matters set forth herein.

2. I am the Plaintiff in this action.

3. I have been the Plaintiff in two TCPA actions, including the present case, and one other matter. I have never filed any other TCPA or telemarketing-related actions besides these two cases.

4. Prior to Defendants' filing of their Answer, I had never visited or heard of the website lowermyowninterestrate.com.

5. On April 14, 2021, I was called and then transferred to Moe.

6. After receiving numerous telemarketing calls over the past two years asking for "Needle Dee," I did not correct the caller when she asked to speak to Needle Dee in an attempt to identify the person calling me.

7. On April 14, 2021, I told Moe, his manager Matt O., and later, to Maggie D., a vice president in charge of telemarketing, that I was on the federal Do Not Call Registry and should never have been called, and that I sought to be removed from their calling lists.

DocuSign Envelope ID: 2974A822-5017-47F8-8AEE-3963C1E1B15E

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2021.**

By: _____

Michael Anthony

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated, | Case No.:  1:21-cv-02509-EEC |
| Plaintiff, | Honorable Edmond E. Chang |
| v. | |
| THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation, | **DECLARATION OF MARK L. JAVITCH** |
| Defendants. | |

I hereby declare the following:

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California.  On June 25, 2021, I was admitted to this Court solely to represent Plaintiff in this matter on a *pro hac vice basis*. ECF 9.

2. This declaration is based on personal knowledge of the matters set forth herein.

3. I am an attorney of record for Plaintiff Michael Anthony and the putative Class in the instant matter.

4. On June 22, 2021, counsel for the parties, including Thomas Zimmerman, Jr., Jeff Blake, and counsel for Defendants, Ari Karen and Zachary Glaser, conducted a teleconference to discuss Defendants' assertion that Plaintiff consented to be called. I requested evidence of prior consent. Defendants' counsel referenced a recording of the call during which Plaintiff did not correct Defendants' false assumption that Plaintiff was "Needle Dee".

5. Counsel for Defendants did not mention they planned to file a counterclaim.

6. On June 23, 2021, I emailed Ari Karen and Zachary Glaser to request their evidence of Plaintiff's prior consent to be called.

7. Attached as Exhibit "A" is a true and correct copy of that email.

8. I did not receive a response to the email in Exhibit "A".

9.  On July 8, 2021, I emailed and sent via overnight US Postal Mail to counsel for Defendants a letter entitled "Notice of Commencement of Safe Harbor Period" and the proposed motion for sanctions, pursuant to F.R.C.P. 11, to counsel for Defendants.

10. Attached as Exhibit "B" is a true and correct copy of the letter and motion for sanctions.


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2021.**


By: _/s/ Mark L. Javitch_____ _____
              Mark L. Javitch, Esq.

Exhibit C

 Gmail

**Jeff Blake <jeff@attorneyzim.com>**

# RE: Anthony v. FSB - Initial Status Report
1 message

**Glaser, Zachary** <zglaser@offitkurman.com>  Wed, Jul 14, 2021 at 3:20 PM
To: Jeff Blake <jeff@attorneyzim.com>
Cc: Thomas A Zimmerman Jr <tom@attorneyzim.com>, Mark Javitch <mark@javitchlawoffice.com>, "Hartmann, Steven M." <shartmann@freeborn.com>

Jeff:  as mentioned in the Rule 11 letter, you guys had requested information about the data entered on the website and the audio file of the call from FDE.  I've attached it.   As I understand it, FDE uses an application called Jornayas for Lead identification and TCPA compliance purposes, which captures the information submitted on the websites subject to the consent provision.  The information was provided to use in the attached Excel Spreadsheet, showing the date, the IP address, the name provided, contact information and information regarding the existing home mortgage.  FDE also records the call made to the plaintiff, who identified himself by the name provided on the site (Needle Dee) and substantially conformed the information provided on the site prior to being transferred to the FSB loan officer.  The audio file is named using the phone number provided on the website by "Needle Dee."

Let me know if you or your colleagues have any questions or concerns. Steven has our marked up status memo and will be forwarding it along to you momentarily.

# Zach



**Zachary Glaser**

Principal

D 267.338.1315

M 215.301.2562

zglaser@offitkurman.com





Ten Penn Center
1801 Market Street

Suite 2300

Philadelphia, PA 19103

T 267.338.1300

F 267.338.1335

offitkurman.com



**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Wednesday, July 14, 2021 3:30 PM
**To:** Glaser, Zachary <zglaser@offitkurman.com>
**Cc:** Thomas A Zimmerman Jr <tom@attorneyzim.com>; Mark Javitch
<mark@javitchlawoffice.com>; Hartmann, Steven M.

<shartmann@freeborn.com>
**Subject:** Re: Anthony v. FSB - Initial Status Report

Thank you for the update, Zachary.

On Wed, Jul 14, 2021 at 2:27 PM Glaser, Zachary
<zglaser@offitkurman.com> wrote:

I am working on it now.



**Zachary Glaser**

Principal

D  267.338.1315

M  215.301.2562

zglaser@offitkurman.com





Ten Penn Center
1801 Market Street

Suite 2300

Philadelphia, PA 19103

T  267.338.1300

F  267.338.1335

offitkurman.com



**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Wednesday, July 14, 2021 3:26 PM
**To:** Thomas A Zimmerman Jr <tom@attorneyzim.com>
**Cc:** Mark Javitch <mark@javitchlawoffice.com>; Glaser, Zachary <zglaser@offitkurman.com>; Karen, Ari <akaren@offitkurman.com>; Hartmann, Steven M. <shartmann@freeborn.com>
**Subject:** Re: Anthony v. FSB - Initial Status Report


Defense counsel,


When can we expect your revisions to this report?


Thanks.


Jeff Blake


On Wed, Jul 14, 2021 at 10:22 AM Thomas A Zimmerman Jr <tom@attorneyzim.com> wrote:

> Here is our draft of the initial status report. Please make your revisions. It is due to be filed today.


> Tom.

**Thomas A. Zimmerman, Jr.**

*tom@attorneyzim.com*



ZIMMERMAN LAW OFFICES, P.C.

77 W. Washington Street, Suite 1220

Chicago, Illinois 60602

(312) 440-0020 tel | (312) 440-4180 fax

www.attorneyzim.com

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**

Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

---

**2 attachments**

 **DNC Complaint 215.500.5555.xlsx**
13K

 **2155005555.mp3**
159K

# Exhibit D



Zachary C. Glaser, Esquire
267.338.1315 (Direct Dial)
267.338.1335 (Facsimile)
zglaser@offitkurman.com

July 29, 2021

**VIA E-MAIL AND REGULAR MAIL**

Mark L. Javitch, Esquire
Javitch Law Firm
480 S. Ellsworth Avenue
San Mateo, CA 94401

    Re: Response to Notice of Commencement of Safe Harbor Period Prior to
       Plaintiff's filing of the attached Motion for Sanctions;
       Anthony v. FSB, et. al., No. 1:21-cv-02509 (ND. IL)

Dear Mr. Javitch:

   We have reviewed your letter of July 8, 2021, and the draft motion for sanctions attached thereto and have concluded that there is no merit to your assertions regarding the counterclaim for fraud asserted by The Federal Savings Bank against your client. This counterclaim had a proper basis in fact and law and was filed in good faith based on substantial evidence that your client provided false information and express consent on a website which prompted a call from FDE in which he confirmed the information he had provided and was transferred to Federal Savings Bank when he, once again, confirmed the false information and made comments suggesting that he was a serial filer of TCPA claims.

   While it is true that we did not plan to file this counterclaim before we spoke on June 22, 2021, that we did not know a counterclaim would be filed or indicate the same to you on that call does not evidence bad faith or an improper purpose. Quite to the contrary, something you said on that call prompted our consideration of this cause of action. When the subject of your client using a false name was raised during the call, you stated that your client, "never uses his real name." This indicated of a pattern of misrepresentations on the part of your client. In his conversation with the Federal Savings Bank manager executive mentioned in paragraph 43 of the Complaint, your client stated that he was surprised that he was not listed on Federal Savings Bank's litigation watch-list and demonstrated an encyclopedic knowledge of the TCPA. These facts, taken together, provided the factual



Offit | Kurman®
Attorneys At Law

Trust. Knowledge. Confidence.

Mark L. Javitch, Esquire
July 29, 2021
Page 2

predicate for pleading, upon information and belief, that the plaintiff is a serial filer of TCPA lawsuits.

After the call you requested evidence of your client's consent prior to the call from FDE that was transferred to Federal Savings Bank. At the time, we had the audio recording of the call and the excel spreadsheet in which the information provided by the Plaintiff on a website had been logged. We did not, however, have any information about the website, itself, and sought to obtain that information from FDE. We received the URL for the website the same day we filed our counterclaim. Subsequently, we provided you with the audio file and excel spreadsheet. Taken together, the express consent language on the website, the data captured by FDE using its Journaya application and the audio file of the call initiated by FDE and then transferred to Federal Savings Bank represent clear evidence that your client gave express and implied consent to be called prior to being contacted by FDE and having that call transferred to Federal Saving Bank.

This unequivocal evidence of consent prior to the call coupled with the evidence that Plaintiff is likely a serial TCPA filer are more than sufficient facts to support the averments in our counterclaim. There is also considerable legal support our counterclaim. We have found numerous, recent legal opinions in which federal courts have denied motions to dismiss counterclaims for fraud based on similar facts that provide a legal basis for our counterclaim. The most recent such case that we have found is *Cunningham v. United States Auto Prot.*, 2021 U.S. Dist. LEXIS 3446, *9 (E.D. Tex., Jan. 8, 2021) (relying on *Franklin v. Upland Software*, 2019 U.S. Dist. LEXIS 16938 (W.D. Tex., Feb. 1, 2019).

As there is more than sufficient factual and legal support for the allegations in the counterclaim and a legitimate purpose being pursued, we see no basis for your proposed motion for sanctions.

Sincerely,

Zachary Glaser

4850-8195-7364, v. 2