**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation, and FDE MARKETING GROUP, LLC, a Florida limited liability company,<br><br>      Defendants. | Case No.: 21-cv-02509<br><br>Hon. Edmond E. Chang |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of January 25, 2022, Plaintiff Michael Anthony and Defendants The Federal Savings Bank, National Bancorp Holdings, Inc., and FDE Marketing Group, LLC (the "Parties") file this Joint Status Report.

**1.**    **The Nature of the Case**

    a.    Attorneys for Plaintiff:

        Thomas A. Zimmerman, Jr. (Lead Trial Attorney)
        tom@attorneyzim.com
        Jeffrey Blake
        jeff@attorneyzim.com
        Zimmerman Law Offices, P.C.
        77 W. Washington St., Ste. 1220
        Chicago, IL 60602

        Mark L. Javitch (admitted pro hac vice)
        mark@javitchlawoffice.com
        Javitch Law Office
        480 S. Ellsworth Ave.
        San Mateo, CA 94401

<u>Attorneys for Defendants The Federal Savings Bank, and National Bancorp Holdings, Inc.</u>

Steven Michael Hartmann
shartmann@freeborn.com
Freeborn & Peters
311 South Wacker Drive, Ste. 3000
Chicago, IL 60606

V. Amanda Witts (admitted *pro hac vice*)
Mitchell Sandler
1120 20th Street, NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
v.awitts@mitchellsandler.com

<u>Attorneys for Defendant FDE Marketing Group, LLC</u>

Melanie Chico
mchico@dykema.com
Mark Silverman
msilverman@dykema.com
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Alejandro Tirado-Luciano (admitted *pro hac vice*)
atl@tltirado.com
Tirado-Luciani & Tirado, P.A.
2655 Le Jeune Rd., Ste. 1109
Coral Gables, FL 33134

b. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

c. Plaintiff Michael Anthony ("Plaintiff") brings this TCPA class action against Defendants The Federal Savings Bank ("FSB"), National Bancorp Holdings, Inc. ("NBH"), and FDE Marketing Group, LLC ("FDE") (collectively, "Defendants") to enjoin their unlawful practice of making telemarketing phone calls to residential phone numbers registered on the

National Do Not Call Registry without their permission, and to obtain redress, including actual, statutory, and enhanced damages, for all persons injured by Defendants' unlawful conduct under 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200, *et seq*. FSB and NBH deny all liability and state that they did not make the alleged telephone call(s) directed to Plaintiff, nor to any other putative Class members.

FDE denies all liability.

In its answer to the original Complaint, FSB asserted a counterclaim for fraud against Plaintiff. Plaintiff filed a motion to dismiss FSB's counterclaim (Dkt. 19), which is fully briefed. Plaintiff also filed a motion for sanctions against FSB and its counsel for filing a frivolous counterclaim (Dkt. 22), which is fully briefed. In its answer to the First Amended Complaint, FSB withdrew its counterclaim.

    d.    The major factual and legal issues are:

- Whether Defendants violated the TCPA;

- Whether the calls were made by or on behalf of Defendants;

- Whether the calls promoted or advertised Defendants' products and services;

- Whether Defendants obtained prior express written consent to make the calls;

- Whether members of the Class are entitled to damages based on Defendants' violations of the TCPA, and whether they are entitled to enhanced damages under the TCPA for Defendants' knowing and/or willful violation of the TCPA;

- Whether members of the Class are entitled in injunctive relief and other equitable relief, as appropriate;

- Whether Defendants placed the telephone call(s) at issue in the First Amended Complaint;

- Whether Plaintiff provided consent to receive the alleged telephone call(s) at issue in the First Amended Complaint;

- Whether FSB and NBH can be held liable for the marketing and lead generation efforts of FDE.

e. The relief sought by the Plaintiff: Plaintiff seeks to enjoin Defendants' unlawful practice of making telemarketing phone calls to residential phone numbers registered on the National Do Not Call Registry without their permission, and to obtain redress, including actual, statutory, and enhanced damages, for all persons injured by Defendants' conduct under 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200, *et seq.* FSB seeks an award of actual and punitive damages against Plaintiff for common law fraud and such other relief, at law and equity, as this Court may find just.

**2. Pending Motions and Case Plan**

a. All Defendants have been served with the summons and First Amended Complaint. NBH was served with the original Complaint on May 11, 2021. FSB was served with the original Complaint on May 20, 2021. On July 2, 2021, Defendants filed an answer to the Complaint and asserted affirmative defenses. As set forth above, in its answer to the original Complaint, FSB asserted a counterclaim for common law fraud against Plaintiff. FSB and NBH filed their answer and affirmative defenses to the First Amended Complaint on February 3, 2022. It is Plaintiff's position that FSB withdrew its counterclaim. FSB disagrees with Plaintiff's position.

FDE was served a summons and the First Amended Complaint on January 28, 2022. FDE obtained an extension to March 11, 2022, to answer or otherwise respond to the First Amended Complaint.

b. Plaintiff's motion for sanctions and Plaintiff's motion to dismiss the counterclaim are currently pending. It is Plaintiff's position that because FSB did not reassert its counterclaim

4

in its answer to the First Amended Complaint renders the counterclaim abandoned and, as a result, Plaintiff's motion to dismiss the counterclaim is now moot. *See, e.g., Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, 20-CV-23251, 2021 WL 86776, at *4 (S.D. Fla. Jan. 11, 2021) ("because an amended pleading supersedes the original pleading, where a defendant fails to reallege its previously asserted counterclaim in its amended pleading, the counterclaim is deemed to have been abandoned"). Again, FSB disagrees with Plaintiff's position. It is FSB's position that its counterclaim is still pending before the Court. *See*, e.g., *Ground Zero Museum Workshop v. Wilson,* 813 F. Supp. 2d 678, 706 (D. Md. 2011) ("Rule 13, which governs counterclaims, requires only that a counterclaim be set forth in a pleading-it does not mandate that it be contained in an answer… Further, an answer responds to the allegations in a complaint, a counterclaim is something independent. Revisions to a complaint do not require revisions to a counterclaim").

    c.     Plaintiff's motion for sanctions is still pending. Plaintiff continues to seek sanctions under Fed. R. Civ. P. Rule 11 and 28 U.S.C. § 1927, for the reasons stated in the motion. If the Court determines that FSB did not withdraw its counterclaim, then Plaintiff's motion to dismiss the counterclaim is still pending and is not moot.

    d.     Discovery plan:

        i.     The general type of discovery needed. Plaintiff anticipates discovery is needed on the following topics and areas: the list of persons called by or on behalf of Defendants; the logs and records of all telemarketing telephone calls placed by Defendants or placed on Defendants' behalf; the equipment and systems used by Defendants and Defendants' callers to place the telephone calls; the identities of all of Defendants' callers, and the relationships of Defendants' callers with Defendants; whether there is the requisite consent to place the calls at issue in the litigation; Defendants' business and telemarketing practices and procedures; and third

party discovery from Defendants' callers. Defendants anticipate taking discovery in support of FSB's counterclaim and in connection with the information collected by FDE with respect to the information provided on the www.lowermyinterestrate.com website in January 2021.

   ii.  Plaintiff, FSB, and NBH exchanged Rule 26(a)(1) initial disclosures by July 28, 2021. Plaintiff and FDE will exchange initial disclosures by March 9, 2022.

   iii.  Discovery on and from FDE would begin on March 9, 2022.

   iv.  The Parties propose that Plaintiff's Motion for Class Certification and expert disclosure deadline be October 26, 2022.

   v.  The Parties propose that Defendants' response to Plaintiff's Motion for Class Certification and Defendants' expert disclosure would be due by November 25, 2022.

   vi.  The Parties propose that Plaintiff's reply and expert rebuttal reports would be due by December 9, 2022.

   vii.  The Parties request that a date for the filing of dispositive motions and the close of fact discovery be set after the Court's decision on Plaintiff's Motion for Class Certification.

  e. A jury trial is requested. The Parties preliminarily estimate that the trial will take 5-7 days.

  f. The Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**3. Consent to Proceed Before a Magistrate Judge**

  The parties do not unanimously consent to proceed before the Magistrate Judge.

**4.     Status of Settlement Discussions**

The Parties state that no settlement discussions have taken place. The Parties do not believe that discussion of settlement or a settlement conference is warranted at this time, as Plaintiff needs discovery on the size and scope of the Class.

| | |
|---|---|
| Michael Anthony, individually, and on behalf of all others similarly situated, | The Federal Savings Bank and National Bancorp Holdings, Inc., |
| By:  /s/ Thomas A. Zimmerman, Jr. | By: /s/  V. Amanda Witts |
| Thomas A. Zimmerman, Jr. (IL #6231944)<br>*tom@attorneyzim.com*<br>Jeffrey D. Blake<br>*jeff@attorneyzim.com*<br>Zimmerman Law Offices, P.C.<br>77 W. Washington Street, Suite 1220<br>Chicago, Illinois 60602<br>Telephone: (312) 440-0020<br>Facsimile: (312) 440-4180<br>*www.attorneyzim.com*<br><br>Mark L. Javitch (admitted *pro hac vice*)<br>*mark@javitchlawoffice.com*<br>Javitch Law Office<br>480 S. Ellsworth Avenue<br>San Mateo, California 94401<br>Telephone: (650) 781-8000<br>Facsimile: (650) 648-0705<br><br>Attorneys for Plaintiff and the putative Class | Steven M. Hartmann (IL #6185428)<br>Freeborn & Peters LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606-6677<br>312.360.6000<br>shartmann@freeborn.com<br><br>V. Amanda Witts (admitted *pro hac vice*)<br>Mitchell Sandler<br>1120 20th Street, NW, Suite 725<br>Washington, DC 20036<br>Telephone: (202) 886-5267<br>v.awitts@mitchellsandler.com<br><br>Attorneys for Defendants The Federal Savings Bank and National Bancorp Holdings, Inc. |
| | By:  /s/ Melanie Chico |
| | Melanie Chico<br>mchico@dykema.com<br>Mark Silverman<br>msilverman@dykema.com<br>Dykema Gossett PLLC |

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Alejandro Tirado-Luciano (admitted *pro hac vice*)
atl@tltirado.com
Tirado-Luciani & Tirado, P.A.
2655 Le Jeune Rd., Ste. 1109
Coral Gables, FL 33134

Attorneys for Defendant FDE Marketing Group, LLC