IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation, and FDE MARKETING GROUP LLC, a Florida limited liability company,<br><br>        Defendants. | Case No.: 1:21-cv-2509<br><br>Hon. Edmond E. Chang, Judge Presiding |

## MOTION TO VOLUNTARILY DISMISS DEFENDANTS' COUNTERCLAIM

Defendants The Federal Savings Bank ("TFSB") and National Bank Holdings, Inc. (collectively "Defendants"), by their undersigned counsel, hereby submits their Motion to Voluntarily Dismiss Defendants' Counterclaim (the "Motion"). In support thereof, Plaintiff avers as follows:

1. On May 10, 2021, Plaintiff filed in the instant action against Defendants.

2. *See* Dkt. 1.

3. On July 2, 2021, Defendants filed their Answer to the Complaint and, therein, asserted a Counterclaim for common law fraud. *See* Dkt. 15.

4. Defendants' counterclaim was premised on information it received from its third-party vendor, FDE Marketing, LLC ("FDE Marketing"), regarding Plaintiff's purported consent and TFSB's initial conversation with Plaintiff which supported its claim.

5. On January 12, 2022, Plaintiff filed an Amended Complaint. Therein, Plaintiff asserted claims against FDE Marketing. *See* Dk. 51.

6. On February 3, 2022, Defendants filed its Answer to the First Amended Complaint. *See* Dk. 53.

7. On November 4, 2022, following the conclusion of fact discovery and prior to Plaintiff filing its Motion for Summary Judgment, counsel for Defendants sent correspondence to counsel for Plaintiff requesting that Plaintiff stipulate to the dismissal of Defendants' counterclaim. Plaintiff did not consent. *See* November 4, 2022 correspondence between V. Amanda Witts, Esq. and Mark Javitch, attached hereto as Exhibit A.

8. Following the email and prior to Plaintiff filing his Motion for Summary Judgment, Steve Hartmann, Esq. placed a call to Thomas Zimmerman, Esq. to request that Plaintiff consent to the voluntarily dismissal of Defendants' counterclaim. Plaintiff did not consent.

9. The decision to grant or deny a motion to voluntarily dismiss a claim rests within the sound discretion of the court. *See Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007).

10. "In deciding whether to grant a Rule 41(a)(2) motion, the Court must consider a variety of factors, including; 1) the defendant's efforts and resources already expended; 2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; 3) insufficient explanation for the need of a dismissal; and 4) whether a summary judgment motion has been filed by the defendant." *Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

11. Here, Defendants engaged in discovery, in good faith, to ascertain additional information in support of its counterclaim. In doing so, Defendants concluded that it would prove difficult to support the same. This timing of this determination is not the result of excessive delay or lack of diligence in prosecuting the action. To the contrary, Defendants worked to exhaust all

possible discovery in an effort to fully evaluate the viability of its claim—a claim it upon which it had a legitimate basis to assert. During the course of discovery, FDE Marketing maintained the veracity and source of the information it provided to TFSB in support of its claim. Following the conclusion of discovery, Defendants evaluated the information produced and the deposition testimony, including that of FDE Marketing's corporate designee. Upon a full evaluation of the information, Defendants reached their conclusion to dismiss the counterclaim. Although Plaintiff has filed its Motion for Summary Judgment, this was done only *after* Defendant requested Plaintiff's consent to voluntarily dismiss the counterclaim without the need for court intervention.

12. On balance, the factors support granting this motion for voluntary dismissal of the counterclaim. Furthermore, the interest of judicial economy is served by voluntarily dismissing Defendants' counterclaim to focus on the underlying class action dispute, rather that unnecessarily engaging in further briefing on Plaintiff's Motion for Summary Judgment.

WHEREFORE, for the foregoing reasons, Defendants request that the Court grant Defendants' Motion to Voluntarily Dismiss Defendants' Counterclaim.

Dated: November 8, 2022

Respectfully submitted,

THE FEDERAL SAVINGS BANK and
NATIONAL BANCORP HOLDINGS, INC.

By: *V. Amanda Witts*
V. Amanda Witts (admitted *pro hac vice*)
Mitchell Sandler
1120 20th Street, NW, Suite 725
Washington, DC 20036
(202) 886-5267
v.awitts@mitchellsandler.com

Steven M. Hartmann (ARDC No. 6185428)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606-6677

(312) 360-6000
shartmann@freeborn.com

*Attorneys for Defendants The Federal Savings Bank and National Bancorp Holdings, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 8, 2022, she caused copies of the foregoing to be served upon counsel of record listed below, via the Court's ECF system:

| | |
|---|---|
| Thomas A. Zimmerman, Jr.<br>Jeffrey D. Blake<br>Zimmerman Law Offices, P.C.<br>77 W. Washington Street – Suite 1220<br>Chicago, Illinois 60602<br>tom@attorneyzim.com<br>jeff@attorneyzim.com | Melanie Chico<br>Mark Silverman<br>Dykema Gossett PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>mchico@dykema.com<br>msilverman@dykema.com |
| Mark L. Javitch<br>Javitch Law Office<br>480 S. Ellsworth Avenue<br>San Mateo, California 94401<br>mark@javitchlawoffice.com | Alejandro Tirado-Luciano<br>Tirado-Luciani & Tirado, P.A.<br>2655 Le Jeune Rd., Ste. 1109<br>Coral Gables, FL 33134<br>atl@tltirado.com |

/s/ *V. Amanda Witts*